Bernard Tomson, J.
The defendant’s demurrer attacks section 555 of the Penal Law as unconstitutional and void, arguing that it is “vague and indefinite,” and “ has no ascertainable statutory standards.”
Those who feel that the telephone is a necessary adjunct to comfort do not intend its possession to constitute an open invitation to uninvited abuse. Unfortunately ■ this type of 1 ‘ trespass by telephone ’ ’ is all too common. The statute attacked is aimed at those who violate privacy by “ obscene ” telephone calls to women.
Section 555 reads: “Malicious telephone calls. A person who maliciously uses any telephone instrument to make a call for the purpose of threatening to commit a crime against the person called or any member of his family .or any other, person or for the purpose of using obscene language to a person of the *996 female sex or to a male child under the age of Sixteen years is guilty of a misdemeanor.”*
In violation of this statute, the defendant is alleged in the information to have maliciously used a telephone to make a call to the complainant for the purpose of using obscene language, the details of which are set forth.
In the language of Matter of Gault (387 U. S. 1, 4) “It will suffice for purposes of this opinion to say that the remarks or questions put to her were of the irritatingly offensive, adolescent, sex variety.” One of the remarks attributed to the defendant was in the form of a question which, euphemistically put, constituted an inquiry as to whether the complainant continued to indulge in promiscuous sexual intercourse ‘1 with the boys.”
The application does not present the difficult question as to whether a literary work or performance has artistic merit or as a whole “ appeals to the prurient interest.” (Manual Enterprises v. Day, 370 U. S. 478. Cf. People v. Richmond County News, 9 N Y 2d 578 and cases there cited.) The troublesome questions involving literary or artistic merit are here absent. The simple issue presented is whether the words ‘ ‘ obscene language ’ ’ are sufficient to define precisely a standard of behavior imposed on a person engaged in conversation on the telephone with a female or a male child under the age of 16. So stated, the issue is readily resolved.
Black’s Law Dictionary (4th ed.), defines “ obscene ” as “ Offensive to chastity of mind or to modesty, expressing or presenting to the mind or view something that delicacy, purity, and decency forbids to be exposed; offensive to modesty, decency, or chastity; impure, unchaste ”.
*997 Similar definitions are to be found in Corpus Juris Secundum (vol. 67, p. 19) and Webster’s Third New International Dictionary.
Cf. the language of Mr. Justice Stewart in Jacobellis v. Ohio (378 U. S. 184, 197): “ perhaps I could never succeed in intelligibly [defining obscenity]. But I know it when I see it ”.
See, also, People v. Harvey (307 N. Y. 588). There the defendant was convicted of disorderly conduct in that he used “ offensive ” language. The court said (p. 592): “ Common sense * * * dictate [s] that language or conduct is to be adjudged to be disorderly, not merely because it offends some supersensitive or hypercritical individual, but because it is, by its nature, of a sort that is a substantial interference with (our old friend) the reasonable man.”
In Duncan v. United States (48 F. 2d 128) the appellant was convicted of knowingly, unlawfully, willfully and feloniously uttering obscene, indecent and profane language in a radio transmission. The court said (p. 132): “ The test is as to whether or not the language alleged to be obscene would arouse lewd or lascivious thought in the minds of those hearing * * * ‘ In construing the word “ obscene ”, as used therein, it has been uniformly held that, if the matter complained of Avere of such a nature as Avould tend to corrupt the morals of those whose minds are open to such influences by arousing or implanting in such minds lewd or lascivious thoughts or desires, it is within the prohibition of the statute, and that whether or not it had such tendency was question for the jury. ’ ’ ’
In Darnell v. State (72 Tex. Cr. Rep. 271) the appellant Avas convicted of using vulgar, obscene, profane and indecent language over a telephone, more particularly the Avords “ son of a bitch.”
The court held (pp. 272-273): “ It was evidently the intention of the Legislature to protect * * * the patrons of the telephone companies, when, in use by any person, from hearing any vulgar, profane, obscene or indecent language used over it, and that the proper way to prevent this was to make it an offense and punish the person who used any such language.” “ The language used Avas not profane, but it Avas certainly ‘ indecent ’, vulgar and obscene. The lexicographers define * * * ‘ Obscene ’ as: ‘ Offensive to chastity or modesty; expressing or presenting to the mind or Mew something which delicacy, purity and decency forbid to be exposed; offensive to the senses; repulsive; disgusting; foul; filthy; offensive to modesty and decency. ’ ’ ’
*998 The instant statute was discussed in Matter of Alaimo (16 AD 2d 814) and People v. Weissler (24 A D 2d 466). In Alaimo, the Children’s Court adjudicated a child a juvenile delinquent for violation of section 555. The judgment, however, was reversed on appeal, the Appellate Division holding that the allegations “ of the petition were neither established by a preponderance of evidence nor in accordance with the customary rules of evidence (cf. People v. Lewis, 260 N. Y. 171, cert, denied, 289 U. S. 709).”
The following passages from Wharton’s Criminal Law and Procedure (vol. 2, pp. 617, 618 and 619) are appropriate:
“ Obscenity was indictable at common law, on the ground that what tended to corrupt society amounted to a breach of the peace, and various acts and forms of obscenity are made criminal offenses by statute or ordinance. The word ‘ obscenity ’ cannot be said to be a technical term of the law and is not susceptible of exact definition in its judicial uses, although it has been defined in a general sense as meaning offensive to morality or chastity, indecent, or nasty.” (p. 617.)
“The test ordinarily followed by the courts in determining whether a particular thing is obscene within the meaning of the statutes is whether its tendency is to deprave and corrupt those whose minds are open to such immoral influences and into whose hands it may fall. * * * The true test of verbal obscenity is whether the particular language employed is calculated to corrupt morals or excite libidinous thoughts, and not whether the words themselves are impure. Chaste words may be made the medium of expressing obscene thoughts, while, on the other hand, gross terms of the vilest sort may be used with the result that they cause only disgust at and contempt for the one who uses them.” (pp. 618-619).
In Weissler, the Appellate Division of this Department reversed a conviction of violation of section 555 of the Penal Law on the ground that guilt was not established beyond a reasonable doubt. However, it is important to note that Judges Hopkins and Hill, in their dissenting opinion, state: ‘ ‘ The statute (Penal Law, § 555) is not void and unconstitutional on account of vagueness and indefinitiveness ”.
Judged by any of the above standards, it would appear that the statute is not so vague and indefinite as to violate constitutional standards. The demurrer is overruled.

 Of interest is the fact that section 555 of the Penal Law is superseded by section 240.30 in the revised Penal Law, effective September 1, 1967, which reads as follows:
“ § 240.30. Aggravated harassment. A person is guilty of aggravated harassment when, with intent to harass, annoy or alarm another person, he:
“1. Communicates with a person, anonymously or otherwise, by telephone, or by telegraph, mail or any other form of written communication, in a manner likely to cause annoyance or alarm; ■ or
“2. Makes a telephone call, whether or not a conversation ensues, with uo purpose of legitimate communication.
Aggravated harassment is a. class A misdemeanor.”
The new section makes no reference to obscenity. However, the words “ obscene language ” are to be found in the section immediately preceding, in section 240.25, without any further definition in article 240. The revisers however found it necessary to define 11 obscene ” in article 235 but restrict the application of the definition to “ sections 235.05, 235.10 and 235.15.”