Memorandum. Judgment of conviction affirmed. Defendant appeals from a judgment convicting him, after a jury trial, of aggravated harassment (Penal Law, § 240.30). Prior to trial, defendant moved to dismiss the information on the ground *790 that the statute defining the offense is unconstitutionally vague and overbroad.
Defendant called the desk officer at the White Plains Police Department on June 23, 1974, in regard to a complaint he had made. A previous investigation disclosed that the matter was civil rather than criminal in nature and defendant was so informed. Despite this, in the next 3 hours and 20 minutes defendant called 27 more times in regard to the identical complaint. During this time, defendant was repeatedly told not to call again because he was tying up the police lines. The charge permitted the jury to convict under either subdivision of section 240.30 of the Penal Law and substantially adopted the language of the statute.
A person is guilty of aggravated harassment under subdivision 2: "when, with intent to harass, annoy, threaten or alarm another person, he: Makes a telephone call, whether or not a conversation ensues, with no purpose of legitimate communication” (Penal Law, § 240.30, subd 2). This subdivision "embraces an offense defined in former Penal Law § 1423(6)— tieing up business telephone lines by repeated calls — but is substantially broader in that it also covers the presently unpenalized practice of driving a person to distraction by repeatedly dialing his number” (Commission Staff Note, Penal Law, § 240.30, subd 2; emphasis added).
Although defendant initially had a "purpose of legitimate communication,” the record is clear that, at least as to the later calls, his intent was not to communicate but solely to harass. With regard to defendant’s constitutional challenge, we note that this "form of trespass” would not be entitled to constitutional protection even if there had been an intention to communicate (Cohen v California, 403 US 15, 21; Rowan v Post Office Dept., 397 US 728; Kovacs v Cooper, 336 US 77). Moreover, the language of subdivision 2 does not suffer from vagueness. In any case, defendant, to whom it clearly applied, may not successfully challenge it on this ground (Parker v Levy, 417 US 733, 756; Broadrick v Oklahoma, 413 US 601, 608, 611-612).
A person is guilty of aggravated harassment under subdivision 1: "when, with intent to harass, annoy, threaten or alarm another person, he: Communicates, or causes a communication to be initiated by mechanical or electronic means or otherwise, with a person, anonymously or otherwise, by telephone, or by telegraph, mail or any other form of written communi *791 cation, in a manner likely to cause annoyance or alarm” (Penal Law, § 240.30, subd 1). This subdivision "embraces two former Penal Law offenses (former §§ 551 [sending threatening letters], 555 [malicious and obscene phone calls]). The new offense, however, is substantially broader than the collective former pair” (Commission Staff Note, Penal Law, § 240.30, subd 1). Thus, even if, as here, the content of the communication is unobjectionable, a violation of subdivision 1 will occur if the communication is directed to an unwilling listener under circumstances wherein "substantial privacy interests are being invaded in an essentially intolerable manner” (Cohen v California, supra, p 21). Accordingly, the evidence was also sufficient to establish defendant’s guilt under this subdivision.
As we are unable to conclude that defendant’s conviction rests exclusively on subdivision 2, it is necessary to consider defendant’s constitutional challenge to subdivision 1 (Stromberg v California, 283 US 359).
In regard to the vagueness claim, it is enough to say that "even if the outermost boundaries of [subdivision 1 are] imprecise, any such uncertainty has little relevance here, where appellant’s conduct falls squarely within the 'hard core’ of the statute’s proscriptions” (Broadrick v Oklahoma, 413 US 601, 608, 611-612, supra; Parker v Levy, 417 US 733, 756).
Defendant has standing to challenge the facial constitutionality of this subdivision on the ground of overbreadth, even though, as applied to his conduct, it is neither vague, over-broad, nor otherwise invalid (Goading v Wilson, 405 US 518; Bigelow v Virginia, 421 US 809, 814-817; Broadrick v Oklahoma, 413 US 601, 611-612, supra). However, it is our obligation to construe the statute, if possible, to preserve its constitutionality (People v Epton, 19 NY2d 496, 505, cert den 390 US 29; People v Heller, 33 NY2d 314, 331, cert den 418 US 944; McKinney’s Cons Laws of NY, Book 1, Statutes, § 150, subd c).
In accord with the Commission Staff Note, we conclude that subdivision 1 was intended to include communications which are obscene (see, e.g., Miller v California, 413 US 15), threats which are unequivocal and specific (see, e.g., United States v Kelner, 534 F2d 1020), communications which are directed to an unwilling recipient under circumstances wherein "substantial privacy interests are being invaded in an essentially intolerable manner” (Cohen v California, 403 US 15, 21, *792 supra; cf. US Code, tit 47, § 223, subd [1], pars [B]-[D]; see, also, Rowan v Post Office Dept, 397 US 728, supra), communications "which by their very utterance * * * tend to incite an immediate breach of the peace” (Chaplinsky v New Hampshire, 315 US 568, 572; see Gooding v Wilson, supra) and written communications intended to simulate court process of any kind. The communication must, of course, also be made "in a manner likely to cause annoyance or alarm” and "with intent to harass, annoy, threaten or alarm another person.” As so construed, subdivision 1 does not, in our opinion, suffer from any constitutional infirmity.
As previously indicated, the trial court’s charge substantially adopted the language of the statute. Defendant, however, did not object to the charge or claim that the statute, as applied to his conduct, violated his First Amendment rights. Moreover, the record discloses that the impropriety was not in the complaint made by defendant but in its repetition. Consequently, there is no danger that defendant was convicted, in whole or in part, for engaging in protected activity and a new trial is, therefore, unnecessary. (Cf. Street v New York, 394 US 576; Terminiello v Chicago, 337 US 1.)
We have considered defendant’s remaining contentions and find them to be without merit.
Concur: Farley, P. J., Pittoni and Silberman, JJ.