OPINION OF THE COURT
Harvey Glasser, J.
Defendant Lourdes Miguez is accused of multiple counts of aggravated harassment (Penal Law § 240.30 [1]) in two separate dockets involving the same complainant.
Docket number 9N094637 charges that "between March 7, 1988 and August 25, 1988, defendant did call deponent daily *483 on a repeatedly [sic] basis, leaving messages on deponent’s machine and calling deponent on a paging device, interrupting him in his professional capacity as a doctor.”
Docket number 9N092819 charges three counts of aggravated harassment. The first count alleges that on August 14, 1989, the defendant called the complainant on the telephone and "stated, in substance; 'Please don’t hurt me anymore. You’ve hurt me enough, I still love you.’ ” The second count alleges that on June 30, 1989, the defendant left a message on the complainant’s answering machine, "the substance of which was, 'Your girlfriend is a mean, ugly, selfish bitch.’ ” The third count charges that on October 2, 1989, the defendant left a message on the complainant’s answering machine, "the substance of which was, 'Eddie I want to give you my number; even if you don’t call me, I want you to have it.’ ” The complaint adds "that defendant has made numerous other communications with deponent at the above mentioned address, said communications dating back to March, 1988.”
The defendant now moves to dismiss the information on the grounds that "the recently-rendered opinion of the New York Court of Appeals in People v. Jackie Dietze [75 NY2d 47] precludes prosecution for such conduct.” Defendant interprets Dietze as prohibiting only "words which by their utterance alone, inflict injury or tend naturally to evoke immediate violence or other breach of the peace.” Defendant argues that, since she is charged with no more than placing a series of telephone calls that annoyed the complainant, she cannot be prosecuted for those calls. That is all the more so, she contends, because the statements that were found to be constitutionally protected in Dietze were "far more aggravated” than the communications she is charged with making. The defendant claims that, in essence, the instant informations charge her with no more than "communicating, by telephone, to a man whom she loved, 'the earnest expression of [her] personal opinion or emotion.’ ”
The People counter by distinguishing between section 240.25 (2) of the Penal Law, held to be unconstitutional in People v Dietze (supra), and Penal Law § 240.30 (1), charged in the instant informations. They argue that, whereas section 240.25 (2) was deemed overbroad because it "prevented constitutionally protected public speech or expression,” section 240.30 (1) only proscribes "communications directed at an unwilling listener under circumstances wherein 'substantial privacy *484 interests are being invaded in an essentially intolerable manner.’ ”
In People v Dietze (75 NY2d 47 [1989], supra), the defendant, knowing the complainant and her son were mentally retarded, came to her doorway and, facing the street, called the complainant a "bitch” and her son a "dog”. The defendant was charged, inter alia, with harassment under Penal Law § 240.25 (2). That section provides that
"[a] person is guilty of harassment when, with intent to harass, annoy or alarm another person * * *
"In a public place, he uses abusive or obscene language, or makes an obscene gesture” (emphasis added).
The Court of Appeals held that section 240.25 (2) is "invalid for overbreadth” because it proscribed speech that was only abusive. In contrast, the instant informations charge violations of Penal Law § 240.30 (1), which provides:
"[a] person is guilty of aggravated harassment in the second degree when, with intent to harass, annoy, threaten or alarm another person, he:
"1. Communicates, or causes a communication to be initiated by mechanical or electronic means or otherwise, with a person, anonymously or otherwise, by telephone * * * in a manner likely to cause annoyance or alarm”.
Whereas public speech that is " 'abusive’ — even vulgar, derisive, and provocative” may be protected (People v Dietze, supra, 75 NY2d, at 51), the possession of a telephone does not "constitute an open invitation to uninvited abuse.” (People v Cirruzzo, 53 Misc 2d 995 [Dist Ct, Nassau County 1967].) Such "trespass by telephone” constitutes a violation of privacy. (Supra.) Therefore, although the statement allegedly made by defendant Miguez that "Your girlfriend is a mean, ugly, selfish bitch” may be similar in content to the statement made in Dietze, the statements are not analogous because of the difference in the circumstances under which they were made.
As to the other two statements alleged in docket number 9N092818, the defendant claims that she was merely communicating to a man whom she loved, "the earnest expression of [her] personal opinion or emotion.” In People v Smith (89 Misc 2d 789 [App Term, 2d Dept]), the defendant called a police precinct 27 times in 3 hours and 20 minutes about a complaint he had lodged that was found to be civil in nature. The court held that "even if * * * the content of the communication is unobjectionable, a violation of subdivision 1 [of section *485 240.30] will occur if the communication is directed to an unwilling listener under circumstances wherein 'substantial privacy interests are being invaded in an essentially intolerable manner’ ” (supra, at 791).
The statement that "Eddie I want to give you my number; even if you don’t call me” indicates the defendant was aware that she-continued to address an unwilling audience.
In People v Anderson (NYLJ, June 1, 1989, at 23, col 4 [Grim Ct, NY County]), the defendant was convicted of aggravated harassment for calling his estranged wife incessantly, at times leaving disparaging and threatening messages on her machine. The defendant argued that his intentions were not to threaten, annoy or alarm his estranged wife, but to win her back. This court held that such conduct was sufficient to support the verdict. Similarly, in the instant matter, the issue of the defendant’s intent is a question of fact for the jury to determine.
As to the allegations in docket number 9N094637 — that the defendant repeatedly made phone calls to the complainant, left messages on his answering machine and paged him, interfering with his medical practice — the defendant argues that such conduct does not constitute a violation of subdivision (1) of section 240.30, which requires that a communication take place, because there are no allegations regarding the content of the messages. The defendant argues that subdivision (1) "addresses itself to proscribed communication, while the mere use of the telephone itself is proscribed in subdivision two.”
The Practice Commentary to Penal Law § 240.30 states that "[subdivision two of section 240.30, aggravated harassment in the second degree, is primarily aimed at two types of harassing telephone conduct: (1) driving a person to distraction by repeatedly dialing his number, and (2) tieing up business lines by repeated calls.” (Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 240.30, at 253; see, People v Smith, 89 Misc 2d 789, supra.) Thus, the allegations in docket 9N09463 make out a prima facie case under Penal Law § 240.30 (2). However, the People have charged subdivision (1) of section 240.30 instead. The defendant correctly asserts that subdivision (1) requires that a communication occur. Although the content of the communication is not spelled out, that is not fatal. Because the information does specify that defendant called "leaving messages on deponent’s *486 machine and calling deponent on paging device,” communications within the meaning of subdivision (1) are sufficiently alleged. Further, the volume of such calls indicates that they were made "in a manner likely to cause annoyance or alarm”.
Accordingly, the defendant’s motion to dismiss is denied.