OPINION OF THE COURT
Per Curiam.
Judgment of conviction rendered December 12, 1990 affirmed.
Defendant was convicted, after a jury trial, of aggravated harassment in the second degree (Penal Law § 240.30 [1]) upon evidence that she made a series of offensive and disparaging telephone calls to the complainant. The People’s proof was strong and persuasive, including evidence of the "trap” placed on the complainant’s telephone, through which the calls were traced to a telephone at the defendant’s residence, and tape recordings of several of the calls. The defendant’s principal argument for reversal on appeal is that the trial court erred in receiving testimony of uncharged acts, establishing that she had made other telephone calls to the complainant and had followed him by car on prior occasions. Such testimony was properly admitted, however, since it was probative of defendant’s intent and was inextricably interwoven with evidence establishing that defendant was the caller (People v Ely, 68 NY2d 520, 529; People v Shorey, 172 AD2d 634, lv denied 78 NY2d 974; People v LaFrance, 182 AD2d 598). The probative value of the evidence outweighed any potential undue prejudice (People v Alvino, 71 NY2d 233, 241-242) and, as the jury was properly instructed, was not offered to show defendant’s criminal propensity (supra; see, People v Molineux, 168 NY 264).
For reasons stated in the decision of Judge Harvey Glasser, in denying defendant’s pretrial motion to dismiss the information (People v Miguez, 147 Misc 2d 482), we reject defendant’s contention that her conduct qualifies as constitutionally protected speech. Defendant’s remaining points, to the extent preserved for appellate review, are lacking in merit.
Ostrau, P. J., Riccobono and Parness, JJ., concur.