OPINION OF THE COURT
Jo Ann Ferdinand, J.
Defendant is charged with four counts of aggravated harassment in violation of Penal Law § 240.30 (1) predicated on his *61 making four telephone calls. He moves to dismiss the accusatory instrument as defective pursuant to CPL 170.30 (1) (a) and 170.35 (1) (a). For the reasons set forth herein, defendant’s motion is granted and the information dismissed on the grounds that it is insufficient on its face and jurisdictionally defective because it fails to allege any communications by the defendant.
Defendant was arraigned on a misdemeanor complaint on December 4, 1992, which the People superseded on January 11, 1993. In ruling on the defendant’s initial motion to dismiss, Judge Garnett held the superseding information insufficient on the grounds that it relied on hearsay in the absence of the records from New York Telephone but he afforded the People an opportunity to supplement the defective hearsay. Thereafter, the People filed a second superseding information [1] on March 19, 1993, and defendant made the instant motion to dismiss. In response to this motion, the People filed a third superseding information along with the supporting deposition of Elizabeth Giacovelli.
The factual allegations in the third superseding instrument2 are as follows:
"The deponent states that he is informed by the supporting deposition of Mrs. Elizabeth Giacovelli, a manager at New *62 York Telephone’s Call Annoyance Bureau, to be filed herewith, that informant is the custodian of telephone records at New York Telephone’s Call Annoyance Bureau and that said records are kept and maintained in the regular and ordinary course of business.
"The deponent is further informed by Mrs. Giacovelli that at the above times [October 16, 1992 at about 10:39 p.m.; October 23, 1992 at about 11:03 p.m.; October 28, 1992 at about 2:47 a.m.; and October 30, 1992 at about 12:07 a.m.] and places [2930 West 5th Street], telephone calls were traced from telephone number (718) 646-1844, which is telephone service listed and billed to the defendant at 1404 Neck Road, 2nd floor to (718) 372-2827 the residence of Sylvia Rabinowitz.
"The deponent further states that he is informed by the defendant’s own statements that he was the only person who lived at 1404 Neck Road, 2nd floor at the four above mentioned times and dates.
"The deponent further states that he is informed by Sylvia Rabinowitz that she lives at 2930 West 5th Street where the calls were received and that these calls disrupted her household and caused her to experience annoyance, alarm and fear.”
For a misdemeanor information to be facially sufficient, it must conform to the requirements of CPL 100.15 and 100.40. The factual portion must allege facts of an evidentiary character supporting or tending to support the charges. (CPL 100.15 [3].) Thus, statements of a conclusory nature are insufficient. Further, the allegations of the factual part must provide reasonable cause to believe that the defendant committed the offenses charged. (CPL 100.40 [1] [b].) Lastly, nonhearsay allegations must establish, if true, every element of each offense charged as well as defendant’s commission thereof. (CPL 100.40 [1] [c].) The last requirement, known as a "prima facie case” requirement, means that a facially sufficient information must contain enough factual allegations to establish a prima facie case. (People v Alejandro, 70 NY2d 133, 137 [1987].)
Defendant is charged with four counts of aggravated harassment premised on his making four telephone calls to the victim over a two-week period at 10:39 p.m.; 11:03 p.m.; 2:47 a.m.; and 12:07 a.m.
A person is guilty of aggravated harassment in the second degree under subdivision (1) of Penal Law § 240.30, "when, *63 with intent to harass, annoy, threaten or alarm another person, he or she * * * [c]ommunicates, or causes a communication to be initiated by mechanical or electronic means or otherwise, with a person, anonymously or otherwise, by telephone, or by telegraph, mail or any other form of written communication, in a manner likely to cause annoyance or alarm” (emphasis added).
A person is guilty of aggravated harassment in the second degree under subdivision (2) of Penal Law § 240.30, "when, with intent to harass, annoy, threaten or alarm another person, he or she * * * [m]akes a telephone call, whether or not a conversation ensues, with no purpose of legitimate communication” (emphasis added).
A comparison of the two subdivisions makes clear that subdivision (1) contemplates harassment stemming from a communication (see, People v Miquez, 147 Misc 2d 482 [Crim Ct, NY County 1990], affd 153 Misc 2d 442 [App Term, 1st Dept 1992]; People v Smith, 89 Misc 2d 789 [App Term, 2d Dept 1977]), whereas subdivision (2) contemplates harassment stemming from the act of telephoning.
In the instant case, there are no factual allegations that the defendant said anything to the victim during the four telephone calls. To find a violation of subdivision (1) there must be some form of communication. In the absence of any communication, the defendant’s actions do not constitute aggravated harassment under subdivision (1) of the statute. Accordingly, defendant’s motion to dismiss is granted.
In the event that the People seek leave to amend, pursuant to CPL 170.35, in order to charge the defendant under subdivision (2) of the aggravated harassment statute, the court would similarly find the defendant’s conduct insufficient to constitute the offense. The Practice Commentary to Penal Law § 240.30 states that "[subdivision two of section 240.30, aggravated harassment in the second degree, is primarily aimed at two types of harassing telephone conduct: (1) driving a person to distraction by repeatedly dialing his number, and (2) tieing up business lines by repeated calls.” (Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 240.30, at 253.)
An intent to harass may be established solely from the content of a communication (People v Barhan, 147 Misc 2d 253 [Crim Ct, NY County 1990]), but where no communication takes place, in order to establish that a defendant made the *64 telephone calls without a legitimate purpose and with the intent to harass, the facts should demonstrate a pattern of behavior, such as: repeated calls over a short period of time (see, People v Smith, supra [where defendant made 27 calls over a 3-hour and 20-minute period]); or calls consistently made at unreasonable hours.
In the instant case, the People have charged the defendant, in all the accusatory instruments filed, with four separate counts of harassment. To establish a pattern of behavior the series of telephone calls must be charged under one count, not separate counts. However, even if charged as a single count, the court does not find the defendant’s four telephone calls placed over a two-week period sufficient to establish an intent to harass where no conversation ensued and only two calls were made after midnight.

. The factual allegations in the second superseding accusatory instrument were as follows:
"The deponent states that he is informed by the supporting deposition of Mrs. Elizabeth Giacovelli, a Manager at New York Telephone’s Call Annoyance Bureau, to be filed herewith, that at the above time and places, telephone calls were traced from telephone number (718) 646-1844, which is telephone service listed and billed to the defendant at 1404 Neck Road, 2nd Floor to (718) 372-2827 the residence of Sylvia Rabinowitz.
"The deponent further states that he is informed by Mrs. Giacovelli that she is the custodian of telephone records at New York Telephone’s Call Annoyance Bureau and that these records are kept and maintained in the regular and ordinary course of business.
"The deponent further states that he is informed by the defendant’s own statements that he was the only person who lived at 1404 Neck Road, 2nd Floor at the four above mentioned times and dates.
"The deponent further states that he is informed by Sylvia Rabinowitz that she lives at 2930 West 5th Street where the calls were received and that these calls disrupted her household and caused her to experience annoyance, alarm and fear.”
Accompanying the complaint were the supporting depositions of Sylvia Rabinowitz and Elizabeth Giacovelli, and copies of New York Telephone records.
2. The court can find no substantive difference between the second and third superseding instruments.