OPINION OF THE COURT
Jerald S. Carter, J.
*201 Defendant, Jane Zullo, the divorced wife of the complainant, George Horn, is charged under docket No. 07229/96 with the crime of aggravated harassment in the second degree under Penal Law § 240.30 (1), a class A misdemeanor.
She seeks a pretrial dismissal of the information in the furtherance of justice pursuant to CPL 170.30 (1) (g) and 170.40. The People oppose the application.
FACTS
On February 11, 1996, the complainant, the noncustodial parent, during visitation took his nine-year-old daughter to the store and purchased a gift for her to take to a party to which she had been invited. The cost of the gift and wrapping totaled $50 which he unilaterally deducted from his court-ordered $800 per month child support.
The complainant subsequently forwarded the defendant a check in the sum of $750. Upon receipt, defendant, upset at the deduction, called the complainant. The complainant allegedly hung up. The defendant called again seeking an explanation from the complainant regarding the deduction. The complainant failed to answer the phone. As a result the defendant left a message on his answering machine wherein she protested the reduction and called the complainant an "asshole”, "jerk” and a "God damn idiot”.
The defendant was arrested and charged with aggravated harassment. She makes'application for dismissal.
LEGAL DISCUSSION
The defendant argues that her calling the defendant names such as "jerk”, "asshole” and "God damn idiot” is constitutionally protected speech and cites in support People v Dietze (75 NY2d 47 [1989]). In Dietze, the Court of Appeals held that vulgar, derisive language is constitutionally protected public speech.
The court distinguishes Dietze (supra) from the present case. Here the communication occurred in the home of the complainant and not in a public forum. The complainant enjoyed an expectation of privacy, for which the defendant could be criminally liable if the electronic intrusion crosses an objective threshold.
The People in their opposition to the defendant’s application contend that the message left by the defendant was directed to an unwilling audience and therefore violated his privacy. In *202 support the People cite People v Miguez (147 Misc 2d 482 [Crim Ct, NY County 1990]).
The court distinguishes Miguez (supra) from the instant case. The Miguez case involved a series of phone calls and messages left on the complainant’s answering machine. The complainant, an ex-boyfriend of the defendant, was clearly an unwilling audience who desired no contact with the defendant. There was clearly an intent to annoy or harass the complainant.
In the present case there is one message protesting the unilateral and unauthorized reduction in child support. The parties by virtue of the frequency of visitation must communicate with each other. One isolated incident is not legally sufficient to sustain a conviction for harassment. (People v Chasserot, 30 NY2d 898 [1972].)
Viewing the facts and circumstances of this case in a light most favorable to the People, it is clear that the charge must be dismissed as a matter of law. (CPL 170.30 [1] [a]; 170.35.)
The gravamen of Penal Law § 240.30 (1) is that simultaneous with the electronic communication, there exists requisite intent and lack of legitimate purpose. (People v Fair, 60 Misc 2d 305 [1969].) The telephonic communication must be directed towards an unwilling listener and constitute an intolerable invasion of the listener’s privacy, serving no useful or legitimate purpose. (People v Smith, 89 Misc 2d 789, cert denied 434 US 920.)
The purpose of the defendant’s communication was to inquire regarding the reduction in court-ordered child support by the complainant. Her inquiry was motivated by her legitimate concern regarding the obligation of the complainant to fulfill his court-ordered responsibilities. The unilateral reduction by the complainant impacted upon the welfare of the defendant’s children.
The mere fact the defendant in anger or frustration uses colorful language in registering her displeasure with actions of the complainant does not render the communication criminal within the ambit of the Penal Law.
This court concludes that defendant’s comments to the complainant are mere opinions which are not " 'likely to cause annoyance or alarm’ ” within the meaning of the statute. (See, People v Dupont, 107 AD2d 247, 253.)
Based upon the foregoing, the remainder of the defendant’s motion is moot and this proceeding is hereby dismissed.