*200 OPINION OF THE COURT
Suzanne M. Mondo, J.
Defendant Luz Liberato is charged with five counts of aggravated harassment in the second degree in violation of Penal Law § 240.30 (1) and five counts in violation of Penal Law § 240.30 (2). The defendant now moves to dismiss for facial insufficiency the counts brought pursuant to subdivision (2) of Penal Law § 240.30.
The accusatory instrument alleges the following:
“Deponent is informed by Gurliermina Suarez * * * that (i) on November 24, 1998 on at 1316 hours, 1751 hours and 1902 hours defendant called the informant and stated i’m going to get you, i’m going to beat you up; (ii) on November 25, 1998 at approximately 0920 hours, defendant called informant and stated i’m going to beat you up; (iii) on November 27, 1998 at approximately 1539 hours defendant called deponent and stated i’m looking for him, if you don’t put him on the phone i’m going to fuck you up.
“Deponent is further informed by informant that informant recognized the voice of the caller to be that of the defendant.”
Penal Law § 240.30 provides, in relevant part:
“A person is guilty of aggravated harassment in the second degree when, with intent to harass, annoy, threaten or alarm another person, he or she:
“1. Communicates, or causes a communication to be initiated by mechanical or electronic means or otherwise, with a person, anonymously or otherwise, by telephone, or by telegraph, mail or any other form of written communication, in a manner likely to cause annoyance or alarm; or
“2. Makes a telephone call, whether or not a conversation ensues, with no purpose of legitimate communication”.
The defendant contends that the counts under subdivision (2) must be dismissed because “Subdivision 2 encompasses harassment through the physical act of telephoning, not the content of the communication.” The defendant argues that, since subdivision (2) is aimed primarily at instances in which a person repeatedly dials a number or ties up business lines, whereas the allegations in this matter concern the actual content of the calls, subdivision (2) is inapplicable. In the alternative, the defendant argues that the section 240.30 charges must be dismissed because they are multiplicitous. The People argue only that the information is facially sufficient.
*201 “The gravamen of the crime of aggravated harassment is the use of the telephone”. (People v Rusciano, 171 Misc 2d 908, 913 [Just Ct, Town of Eastchester, Westchester County 1997].) Subdivision (1) of Penal Law § 240.30 “requires that a communication occur.” (People v Miguez, 147 Misc 2d 482, 485 [Crim Ct, NY County 1990], affd 153 Misc 2d 442 [App Term, 1st Dept 1992].) “Subdivision two of section 240.30 * * * is primarily aimed at two types of harassing telephone conduct: (1) driving a person to distraction by repeatedly dialing his number, and (2) tieing up business lines by repeated calls.” (Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 240.30, at 253.) However, “Penal Law § 240.30 (2) imposes criminal liability for making a single telephone call, if placed with the requisite intent and lack of legitimate purpose.” (People v Shack, 86 NY2d 529, 541 [1995] .)* Thus, it is permissible for the People to charge Penal Law § 240.30 (2) for a single telephone call.
The defendant contends that it is improper to charge subdivision (2) where communication actually occurs. However, this overlooks the wording of the statute, which is: “whether or not a conversation ensues” (Penal Law § 240.30 [2]). In discussing the phrase “no purpose of legitimate communication” in section 240.30 (2), the Court of Appeals explained that the phrase “would be understood to mean the absence of expression of ideas or thoughts other than threats and/or intimidating or coercive utterances.” (People v Shack, 86 NY2d, supra, at 538.) Thus, a defendant who communicates during a telephone call may be charged with violating Penal Law § 240.30 (2) if the words are uttered for no purpose of legitimate communication. The statements alleged in the instant accusatory instrument appear to contain only threats and intimidating utterances. Thus, the information is facially sufficient.
Defendant also argues that the charges are multiplicitous. Multiplicity occurs when two counts charge the same crime. (People v Kindlon, 217 AD2d 793, 795 [3d Dept], lv denied 86 NY2d 844 [1995]; People v Senisi, 196 AD2d 376, 382 [2d Dept 1994].) Here there is no multiplicity because each *202 count alleges violations of different provisions of the Penal Law and “each count requires proof of an additional fact that the other does not”. (People v Kindlon, 217 AD2d, at 795 [citation omitted]; accord, People v Gordon, 175 Misc 2d 67, 71 [Sup Ct, Queens County 1997]; see, People v Senisi, 196 AD2d, at 382 [counts of indictment were multiplicitous where they “were premised on the same subdivision of the same statute * * * (and) related to the same mental state, the same act, the same course of conduct, and the same victim”].)
Accordingly, the defendant’s motion to dismiss is denied.

 In People v Portnoy (158 Misc 2d 60, 63-64 [Crim Ct, Kings County 1993]), the court, in speaking of subdivision (2), stated in dictum that “where no communication takes place, in order to establish that a defendant made the telephone calls without a legitimate purpose and with the intent to harass, the facts should demonstrate a pattern of behavior, such as: repeated calls over a short period of time * * * or calls consistently made at unreasonable hours.” However, Portnoy was decided before Shack (supra).