OPINION OF THE COURT
William E. Garnett, J.
The defendant, charged with four counts of aggravated harassment.in the second degree in violation of Penal Law § 240.30 (1) and four counts of aggravated harassment in the second degree in violation of Penal Law § 240.30 (2), seeks to dismiss the charges against her on the ground that the accusatory instrument is facially insufficient. (CPL 170.35.)
Alternatively, the defendant moves to dismiss the charges for failure of the People to have afforded her a speedy trial pursuant to CPL 30.30.
Facial Sufficiency
Is information left by a defendant with a beeper a “communication” within the definition of Penal Law § 240.30 (D?
The defense has moved to dismiss, as facially insufficient, the charges contained in the information. The People have charged the defendant with four counts of aggravated harassment in the second degree pursuant to Penal Law § 240.30 (1) and, in the alternative, with four counts of the same crime pursuant to Penal Law § 240.30 (2).
Subdivision (1) of Penal Law § 240.30, as pertinent to the facts in this case, requires that the People establish that a defendant, with intent to harass, annoy, threaten or alarm another person, communicates with a person anonymously or otherwise, by telephone in a manner likely to cause annoyance or alarm. Subdivision (2) of the same statute requires the prosecution to prove that a defendant, with the same intent as required for a violation of subdivision (1), makes a telephone *79 call, whether or not a conversation ensues, with no purpose of legitimate communication.
An information is facially sufficient if it contains (1) facts of an evidentiary nature which support or tend to support the crimes charged (CPL 100.15; People v Dumas, 68 NY2d 729 [1986]); (2) factual allegations in the information and supporting depositions that provide reasonable cause to believe that the defendant committed the crimes charged (CPL 100.15 [3]); and (3) nonhearsay allegations which establish, if true, every element of the crimes charged. (CPL 100.40, 100.15; People v Alejandro, 70 NY2d 133 [1987].) An information which fails to satisfy these requirements is facially insufficient. (People v Alejandro, supra, at 139.) In judging the factual adequacy of the accusatory instrument, the court may consider both the information and any supporting depositions. (CPL 100.15 [3].)
The complaint alleges that the defendant telephoned the complainant’s beeper four times during a 44-minute period on one day. The first call resulted in the display of the defendant’s home phone number on the complainant’s beeper. The second call, according to the complaint but contradicted by the complainant’s supporting deposition, resulted in the display of the complainant’s girlfriend’s Social Security number. The third call alleged in the complaint resulted in the display of the girlfriend’s pager number. However, the affidavit of the complainant submitted in support of the complaint indicates that the girlfriend’s home phone number followed by “911” was the next call. Finally, the last call alleged by the complaint resulted in the display of the complainant’s home phone number. The complainant’s affidavit adds that this last number was followed by a “911” display. The supporting deposition of the complainant refers to a 10-digit number which the prosecutor, at oral argument, could not attribute to any of the calls alluded to in the complaint.
For the purpose of the decision on this motion, the court makes the following findings of facts after a review of the complaint and the supporting depositions: on April 14, 1998 between 11:34 a.m. and 12:18 p.m., the defendant, an employee of Bell Atlantic who had accessed the accounts of the complainant and his girlfriend and who subsequently admitted to beeping the complainant’s number, called the complainant’s beeper three times resulting in a display of the defendant’s home phone number, the complainant’s girlfriend’s home phone number followed by “911” and the complainant’s home phone number followed by “911”.
*80 LAW
Penal Law § 240.30 (1) and (2) address two different means of telephonic harassment. “A comparison of the two subdivisions makes clear that subdivision (1) contemplates harassment stemming from a communication * * * whereas subdivision (2) contemplates harassment stemming from the act of telephoning.” (People v Portnoy, 158 Misc 2d 60, 63 [Crim Ct, Kings County 1993].) Subdivision (1) has as a sine qua non a completed phone call in which “the defendant utter [s] words or otherwise communicate [s] in a manner likely to cause annoyance or alarm.” (People v Rusciano, 171 Misc 2d 908, 912 [Just Ct, Town of Eastchester, Westchester County 1997].) Messages left on an answering-machine are sufficient to satisfy the statutory requirement that a “communication” occur for a violation of subdivision (1). (People v Miguez, 147 Misc 2d 482 [Crim Ct, NY County 1990], affd 153 Misc 2d 442 [App Term, 1st Dept 1992]; People v Anderson, NYLJ, June 1, 1989 at 23, col 4 [Crim Ct, Bronx County].)
Subdivision (1) is “substantially broader” than the two former Penal Law offenses which it encompassed, i.e., Penal Law of 1909 § 551 (sending threatening letters) and Penal Law of 1909 § 555 (malicious and obscene phone calls). (People v Smith, 89 Misc 2d 789, 791 [App Term, 2d Dept 1977], citing Commn Staff Notes to Penal Law § 240.30 [1], reprinted in NY Cons Laws Serv, Book 23B, at 261.) Even if “the content of the communication is unobjectionable, a violation of subdivision 1 will occur if the communication is directed to an unwilling listener under circumstances wherein ‘substantial privacy interests are being invaded in an essentially intolerable manner.’ ” (People v Smith, supra, at 791, citing Cohen v California, 403 US 15, 21 [1971].) Thus, even an innocuous communication may constitute a telephonic harassment if the listener’s privacy interests are violated.
Subdivision (2) of Penal Law § 240.30 also has a wider ambit than its statutory predecessor. “This subdivision [i.e., (2)] ‘embraces an offense defined in former Penal Law § 1423(6) — tieing up business telephone lines by repeated calls — but is substantially broader in that it also covers the presently unpenalized practice of driving a person to distraction by repeatedly dialing his number.'' ” (People v Smith, supra, at 790, citing Commn Staff Notes to Penal Law § 240.30, reprinted in NY Cons Laws Serv, Book 23B, at 261; see, People v Shack, 86 NY2d 529, 541 [1995].) Thus, one who, with the requisite intent, uses the telephone with no purpose of legitimate communication is guilty of violating subdivision (2).
*81 A telephone call to a beeper in which the caller affirmatively leaves information with the receiver is a “communication” within the statutory definition of Penal Law § 240.30 (1).
In People v Calderon (173 Misc 2d 435 [Sup Ct, Kings County 1997]), cited by the defense, the court ruled that a telephone call to a caller “ID box” was not a “communication” within the scope of Penal Law § 215.51 (b) (iii), criminal contempt in the first degree. This holding is not dispositive of the issue in this case because the phone technology and the acts of the defendant are different. An “ID box” captures the number from which a caller initiates a telephone call whether that call is completed or not. Further, the caller does not do anything to activate the box.
In this case, the caller beeped the complainant’s pager and consciously left her phone number and the other numbers. The word “communicate” means to convey information. (Webster’s Third New International Dictionary 460 [unabridged 1993 ed].) Thus, when the defendant left these numbers, she was affirmatively conveying information, at least in code form. The holding in People v Rusciano (supra) is also distinguishable. A caller who is identified by the “star 69” technology has not affirmatively communicated with the receiver when the call is not completed. In Rusciano, the issue was whether a subsequent return telephone call made by the complainant, after use of the “star 69” technology, could be the gravamen of an aggravated harassment charge. Clearly, the defendant had not communicated when his number was captured by the “star 69” feature. He had done nothing affirmatively to leave his number with the complainant. In these situations, absent proof that the caller knew about the “ID box” or “star 69” feature and intended to abuse them, a potential listener would not be aware of any calls but for his or her use of this technology on his or her phone. In contrast, in this case, the defendant left the numbers with the complainant. The beeps made by the defendant containing information are analogous to messages left on an answering machine.
The counts of Penal Law § 240.30 (1) and (2) which are referable to the alleged display of the complainant’s girlfriend’s Social Security number are dismissed. The supporting deposition provided by the complainant does not corroborate the allegation in the complaint and, moreover, contradicts that allegation. There is no claim by the prosecution that the 10-digit number in the complainant’s deposition is his girlfriend’s Social Security number.
*82 The motions to dismiss the two counts (i.e., Penal Law § 240.30 [1] and [2]) concerning the call which resulted in the display of the defendant’s home phone number are denied. First, the display of the defendant’s home phone number did prima facie communicate information to the complainant. The presentation of this number was an affirmative act of the defendant. Thus, pursuant to Penal Law § 240.30 (1), the defendant did communicate with the complainant.
In the alternative, this seemingly innocuous communication, when viewed in the context of the alleged subsequent calls, could be classified as a phone call with no legitimate purpose of communication made with the intent to harass, annoy, threaten or alarm the complainant. In addition, the defendant’s intent to harass, etc., can be circumstantially established by the two subsequent calls which contained the alarming “911” addition. All of these beeps were received within a relatively short period of time, i.e., 44 minutes.
The two subsequent beeps to the complainant’s device were clearly designed to, at least, alarm the complainant. The display of “911” is indicative of an emergency at the phone numbers left by the defendant. Again, the defendant affirmatively entered the complainant’s and his girlfriend’s phone numbers followed by “911”. These acts constitute communication. These acts taken together or separately prima facie violate subdivision (1) of the statute. Without doubt, these acts were likely to cause annoyance or alarm.
In the alternative, these two beeps coupled with the earlier beep which contained the defendant’s home phone number individually and collectively establish that the defendant did not intend any legitimate communication but simply intended to harass, annoy and alarm the complainant. Thus, the People have prima facie established a violation of both subdivisions (1) and (2). Having pleaded in the alternative, the prosecution has left the ultimate issue as to which statute was violated to the trier of fact.
Moreover, even if the contents of these three beeps are deemed “unobjectionable” per se, they may still violate the proscription of Penal Law § 240.30 (1). (People v Smith, 89 Misc 2d 789, supra.) If the communication is made to an unwilling recipient and the information imparted evidences an intolerable invasion of substantial privacy interests, then a defendant has violated subdivision (1) of Penal Law § 240.30.. (People v Smith, supra.) In this case, the defendant violated a business confidence between the complainant and Bell Atlantic by ac *83 cessing private contact information. Thus, the complainant’s expectation that the private information that he had provided to Bell Atlantic for business purposes only was violated by the defendant. The defendant breached a substantial privacy interest by obtaining the complainant’s and his girlfriend’s home phone numbers without their permission and without any legitimate business purpose. Therefore, even if these communications are deemed less ominous, they constitute a violation of subdivision (1) as the defendant, with intent to harass or annoy, utilized them for the purpose of annoyance.
The defense has also argued that the prosecution has failed to establish that the defendant had no purpose of legitimate communication as required to prove a violation of Penal Law § 240.30 (2). The information establishes that the defendant, an employee of Bell Atlantic, accessed private information contained in Bell Atlantic’s records including information about the complainant and his girlfriend in nonpublished accounts. If the defendant had a legitimate reason for initiating contact with the complainant or the complainant’s girlfriend, why did the defendant leave her home phone number rather than her business phone number? Why did the defendant initiate any putative, legitimate inquiry by beeping the complainant with his phone number and his girlfriend’s number followed by “911”? These rhetorical questions demonstrate that the facts alleged show prima facie that the defendant had no purpose of legitimate communication when she beeped the complainant.
In conclusion, the motions to dismiss, as facially insufficient, the six counts of aggravated harassment in the second degree as to these three beeps are denied.
CPL 30.30
The defendant has moved to dismiss the charges against her for failure of the People to have afforded her a speedy trial pursuant to CPL 30.30. Inasmuch as the defendant is charged with class A misdemeanors, CPL 30.30 (1) (b) mandates that the People be ready for trial within 90 days. Failure to be ready within 90 days from the commencement of the criminal action will result in the dismissal of the information unless the prosecution can show that certain time periods are excluded. (People v Berkowitz, 50 NY2d 333 [1980].)
On August 7, 1998, the defendant was arraigned on a misdemeanor complaint and the case was adjourned for conversion by the prosecution to September 9, 1998. This 33-day period is chargeable to the People. (People v Kendzia, 64 NY2d 331 [1985]; People v Colon, 59 NY2d 921 [1983].)
*84 On September 9, 1998, the People supplied the necessary corroborating affidavits and the complaint was deemed converted to an information. The case was adjourned at the defendant’s request for a conference to October 9, 1998. On that date, the case was again adjourned at the defendant’s request for a final conference to October 30, 1998. Both of these adjournments are not chargeable to the People. (CPL 30.30 [4] [b]; People v Worley, 66 NY2d 523 [1985].)
On October 30, 1998, the case was adjourned at the People’s request to November 11, 1998, then again to December 4 and December 18, 1998 to permit them an opportunity to submit a superseding information. Forty-nine days are chargeable to the People. (People v Smith, 82 NY2d 676 [1993].)
The People, in their response papers, assert that they served and filed a superseding information with corroborating affidavits on the court on December 18, 1998. A readback of the court minutes shows that the People did not have the superseding information that day. In addition, the People did not announce ready for trial. Defense counsel was engaged in Brooklyn and was not present. The case was adjourned to December 22, 1998 for the submission of a superseding information.
A readback of the minutes of December 22, 1998 reflects that the People filed and served a superseding information with two corroborating affidavits. A motion schedule was set at the request of the defendant and the case was adjourned to January 22, 1999. Thereafter, the adjournments have been for the purpose of resolving pretrial motions made by the defense. Thus, these adjournments are not chargeable to the People. (GPL 30.30 [4] [a].)
To date, 82 days are chargeable to the People’s 90-day trial readiness period.
It is not necessary to decide to whom the adjournment of December 18 to December 22, 1998 is chargeable. Even assuming that the court charged the prosecution with this adjournment, the prosecution still would not have exceeded the applicable speedy trial limit.
Consequently, the defendant’s motion to dismiss pursuant to GPL 30.30 is denied.