OPINION OF THE COURT
Susan T. Kluewer, J.
Defendant’s motion to dismiss the accusatory instrument is denied.
Defendant stands accused of violating Penal Law § 240.30 (2), aggravated harassment in the second degree, i.e., making a telephone call, whether or not conversation takes place, with *773 no purpose of legitimate communication and with the intent to harass, annoy, threaten or alarm. It is alleged in the factual part of the accusatory instrument that, after being told not to do so, defendant telephoned the complaining witness (a man) four times within one-half hour in an attempt to “get the complainant to have a sexual relationship with him.” By the supporting deposition annexed to the accusatory instrument, the complaining witness attests that, on the specified date at “about 5:30 p.m.,” he received four calls at home from: “a male white known to me as Scott Coyle. Scott was a friend of mine but recently is trying to establish a sexual relationship with me. I’ve told him not to call me or come to my home. When he called today, he was very irate at [sic] upset and was yelling and screaming. He is becoming more aggressive and I am fearful of what he might do. He has also begun to follow me.”
Defendant now moves to dismiss the accusatory instrument on the ground that it is defective on its face (see, CPL 100.15, 100.40, 170.30 [1] [a]). He urges that it does not demonstrate that the four calls were made with intent to harass, annoy or alarm, and that, because it fails to specify the exact words used, it fails to demonstrate that the calls were made with no purpose of legitimate communication. He cites People v Zullo (170 Misc 2d 200 [Dist Ct, Nassau County, Carter, J., 1996]) to support his contentions.
The gravamen of the crimes of aggravated harassment in the second degree under both subdivisions (1) and (2) of Penal Law § 240.30 is the invasion of someone’s private space via specified methods, most notably the telephone, and doing so with intent to annoy, harass or alarm (see, People v Shack, 86 NY2d 529 [1995]; People v Miguez, 147 Misc 2d 482 [Crim Ct, NY County, Glasser, J., 1990]; see also, People v Miguez, 153 Misc 2d 442 [App Term, 1st Dept 1992]). The intent necessary to sustain a charge under either subdivision (1) or (2) can be inferred from, among other things, the frequency of the calls, or their content and tone, if any (cf., People v Portnoy, 158 Misc 2d 60 [Crim Ct, Kings County, Ferdinand, J., 1993]), or from other factual circumstances alleged in the accusatory instrument (People v Shropshire, 181 Misc 2d 77 [Crim Ct, Richmond County, Garnett, J., 1999]; cf., People v Miguez, 153 Misc 2d 442, supra). While subdivision (1) is directed at the nature of the communication (People v Yablov, 183 Misc 2d 880 [Crim Ct, NY County, Edmead, J., 2000]; People v Price, 178 Misc 2d 778 [Crim Ct, NY County, Mondo, J., 1998]), subdivision (2) is intended to proscribe the act of telephoning repeatedly, *774 whether or not communication actually ensues (see, People v Yablov, supra; People Shropshire, supra; People v Liberato, 180 Misc 2d 199 [Crim Ct, NY County, Mondo, J., 1999]). Even so, subdivision (2) imposes criminal liability “for making a single telephone call, if placed with the requisite intent and lack of legitimate purpose” (People v Shack, supra, at 541; see also, People v Liberato, supra).
Defendant’s reliance on People v Zullo (supra) is misplaced. A failure to allege in the accusatory instrument the specific words of a communication is not necessarily a fatal defect, even where a defendant is charged with violating subdivision (1) of Penal Law § 240.30 (People v Miguez, 147 Misc 2d 482, supra). More importantly, unlike the defendant in Zullo, defendant here is charged with violating Penal Law § 240.30 (2), a crime that has discrete elements, of which actual communication is not one (see, e.g., People v Yablov, supra; People v Shropshire, supra; People v Liberato, supra). And lack of legitimate purpose, the element peculiar to subdivision (2), can be established where a defendant telephones in spite of a request not to call (People v Shack, supra).
Although the supporting deposition does not precisely set forth the one-half-hour period that is designated in the accusatory instrument itself, it nonetheless demonstrates that defendant’s claimed criminal conduct consists of four unwelcome calls made within a very short period of time on one day (cf., People v Portnoy, supra). Moreover, there are ample facts in the supporting deposition — the repetition of the calls, the irate, aggressive yelling, the defendant’s beginning to follow the complaining witness — from which, if true, defendant’s criminal intent can be inferred (People v Miguez, supra; see also, People v Price, supra). Finally, although defendant, by implication, posits that attempting to communicate one’s desire to establish a sexual relationship constitutes a “legitimate purpose,” no one is “entitled” to make sexual advances he or she knows are unwanted (cf., People v Miguez, supra). Since the supporting deposition sets forth that the complaining witness told the defendant not to call, and that the defendant nonetheless called repeatedly in order to establish an unwanted sexual relationship, there are facts which, if true, demonstrate that defendant made the calls with no legitimate purpose of communication (see, People v Shack, supra). The accusatory instrument is therefore facially sufficient.