OPINION OF THE COURT
Memorandum.
Judgments of conviction affirmed.
*361 Penal Law § 240.30 (1) does not prohibit mere speech or expression, but proscribes the use of, inter alia, a telephone to communicate in a manner likely to cause annoyance or alarm (cf., People v Shack, 86 NY2d 529, 535; People v Liberato, 180 Misc 2d 199, 201). We find the statute neither unconstitutional on its face nor as applied to the facts. Defendant’s messages, left on complainants’ workplace telephone answering machine, contained threats to them and their families, profanely abusive language, and thinly-veiled references to retaliation for the perceived nonperformance of their official duties.
The Legislature enacted this broadly-worded legislation to proscribe verbal conduct, by the communicative means set forth in Penal Law § 240.30 (1), when it is intended to “harass, annoy or alarm” particularly where it is “impractical for an unwilling listener to avoid exposure to the objectionable communication” (People v Shack, supra at 536). Government employees, whose duties include significant public contact, are akin to captive audiences whose exposure to certain communications is “a matter of necessity, not of choice” (Lehman v City of Shaker Hgts., 418 US 298, 302 [internal quotation marks omitted]) notwithstanding that dealing artfully with a “venting” public is a dimension of their employment. Public officers retain substantial privacy interests at their official workplaces which may be protected from invasion “in an essentially intolerable manner” (Cohen v California, 403 US 15, 21; People v Shack, supra).
Significantly, the subdivision charged lacks a provision that the communications be made with no legitimate purpose (compare Penal Law § 240.30 [1], with Penal Law § 240.30 [2]). That the messages also contained unobjectionable content and were recorded at complainants’ workplace (see, People v James, NYLJ, Feb. 11, 1998, at 29, col 2 [App Term, 9th & 10th Jud Dists]), a public agency, did not render the statute’s enforcement an unconstitutional infringement on protected speech.
Viewing the evidence in the light most favorable to the People, as we must (People v Contes, 60 NY2d 620, 621), the evidence established defendant’s guilt beyond a reasonable doubt. Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]; People v Bleakley, 69 NY2d 490, 495).
We have considered defendant’s remaining claims of error and find them unpreserved or without merit (People v Thomas, 50 NY2d 467, 472; People v Velasquez, 264 AD2d 450; People v Wood, 260 AD2d 102, 110; People v Webb, 177 AD2d 524, 525).
*362 Floyd, P.J., and Doyle, J., concur; Colabella, J., taking no part.