◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDY SQUIRES, Appellant. [764 NYS2d 834] —Appeal by the defendant from a judgment of the County Court, Orange County (Rosenwasser, J.), rendered May 1, 2001, convicting him of criminal contempt in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The order of protection issued against the defendant in this case required him, among other things, to "refrain from communication by mail or telephone, e-mail, voice mail or other electronic means with [the complaining witness]." The defendant nevertheless placed numerous telephone calls to the residence of the complaining witness during the period of time in which this order was in effect.

The defendant's telephone calls on occasion resulted in the transmission to the complaining witness of an automated message that had been installed in the telephones located on the tier of the local jail from which the defendant was calling. On other occasions, the calls resulted in the transmission to the complaining witness of the defendant's voice pleading with the complaining witness to "pick up," or "rambling all sorts of things."

The defendant argues that, because the complaining witness never actually accepted any of these calls by responding to any of the calls in question, he committed no violation of the order of protection, so that his conviction of criminal contempt in the first degree under Penal Law § 215.51 (b) (iv) is not supported by legally sufficient evidence. As the People note, this argument is not preserved for appellate review (*see People v Finger,*

95 NY2d 894 [2000]; *People v Gray,* 86 NY2d 10 [1995]; *People v Bynum,* 70 NY2d 858, 859 [1987]; *People v Frazier,* 302 AD2d 605 [2003], *lv denied* 100 NY2d 538 [2003]; *People v Dieppa,* 285 AD2d 558 [2001]). In any event, the defendant's argument is without merit.

That the complaining witness may not have communicated with the defendant in response to his obviously abusive series of telephone calls does not alter the fact that, by leaving voice messages with her or on her answering machine, or by causing automated messages originating from the local jail's telephone system to be left with her or on her answering machine, the defendant was communicating with the complaining witness by transmitting data to her (*see People v Shropshire,* 181 Misc 2d 77 [1999]; *People v Miguez,* 147 Misc 2d 482 [1990]; *People v Miguez,* 153 Misc 2d 442 [1992]; *cf. People v Yablov,* 183 Misc 2d 880 [2000]; *People v Calderon,* 173 Misc 2d 435 [1997]; *People v Portnoy,* 158 Misc 2d 60 [1993]). The defendant's initiation of such telephonic communications constituted a violation of the order of protection.

The remaining elements of the crime of criminal contempt in the first degree (*see* Penal Law § 215.51 [b] [iv]) were proven beyond a reasonable doubt.

The case relied upon by the defendant, *People v White* (188 Misc 2d 394 [2001]), is clearly distinguishable. Prudenti, P.J., Altman, Smith and Adams, JJ., concur.