People v Doherty (2019 NY Slip Op 05077)





People v Doherty


2019 NY Slip Op 05077


Decided on June 25, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2019

Renwick, J.P., Manzanet-Daniels, Webber, Oing, JJ.


9708 240/15

[*1]The People of the State of New York, Respondent,
v
Colin Doherty, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Jacqueline Meese-Martinez of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jennifer Westphal of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael R. Sonberg, J.), rendered March 9, 2016, convicting defendant, after a jury trial, of three counts of criminal contempt in the first degree, seven counts of criminal contempt in the second degree, and two counts of stalking in the fourth degree, and sentencing him to an aggregate term of one to three years, unanimously affirmed.
We reject defendant's challenges to the sufficiency and weight of the evidence supporting the first-degree contempt convictions (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Initially, we find no basis for disturbing the jury's credibility determinations, and we do not find that defendant's acquittals of other charges (see People v Abraham, 22 NY3d 140, 147 [2013]; People v Rayam, 94 NY2d 557 [2000]; People v Johnson, 73 AD3d 578, 580 [1st Dept 2010], lv denied 15 NY3d 893 [2010]) warrant a different result.
With regard to the convictions under Penal Law § 215.51(b)(ii) and (iii), the jury could reasonably have found that defendant intended to place the victim in reasonable fear of physical injury. While not overtly threatening, defendant's behavior in general and the subject text message in particular, when viewed in context, demonstrated an "inherent menace" such that threats of physical injury could reasonably be implied (see People v Young, 141 AD3d 551, 553 [2d Dept 2016], lv denied 28 NY3d 975 [2016]; People v Clark, 65 AD3d 755, 758 [3d Dept 2009], lv denied 13 NY3d 906 [2009]; compare People v Demisse, 24 AD3d 118, 119 [2005], lv denied 6 NY3d 833 [2006] [distressing, but nonthreatening declarations of love held insufficient]).
Defendant admitted that he was aware that an order of protection was in place, and that it prohibited him from contacting the victim in any manner. Defendant nonetheless attempted to enter the victim's apartment building twice, even though he and the victim had not seen each other in over three years, she never gave him her address and took precautions to avoid his finding her, and he admittedly knew that she did not want him there. Defendant also called the victim multiple times and sent numerous text messages, using different phone numbers, even though she consistently did not respond and he admittedly knew that she did not want to be in a relationship with him. The content of many of these text messages was sexually explicit, and at least one described a bondage act that defendant admitted had never been part of their sexual relationship. The tone of these messages was also aggressive and suggestive of an intent to commit rape.
Accordingly, the jury could have found that defendant intentionally placed the victim in fear of injury, even though he had not physically harmed her in the past. We have considered and rejected defendant's remaining arguments regarding these two counts.
With regard to the conviction under Penal Law § 15.51(b)(iv), the jury could reasonably have found that defendant's multiple phone calls to the victim during the relevant period had no purpose of legitimate communication (see generally People v Shack, 86 NY2d 529, 538 [1995]). [*2]While the sole voice message left by defendant was not, standing alone, threatening, intimidating, or coercive, the absence of a legitimate purpose for these calls could reasonably be inferred from their context, including defendant's contemporaneous non-phone-call communications and behavior and the fact that his advances were clearly unwelcome (see People v Coyle, 186 Misc 2d 772, 774 [Nassau Dist Ct 2000] ["attempting to communicate one's desire to establish a sexual relationship" does not constitute a "legitimate purpose" where it is clear that such communications are unwelcome, because "no one is entitled' to make sexual advances he or she knows are unwanted"]; People v Spruill, 2015 NY Slip Op 51354[U], *5 [Crim Ct, NY County 2015] [content of contemporaneous text messages "can be consulted to the extent it bears on the question of the defendant's intent"]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2019
CLERK