Andrew J. SCHLAGLER, Plaintiff,

v.

Francis D. PHILLIPS, II, District Attorney of Orange County, Defendant.

No. 97 Civ. 7762(CLB).

United States District Court, S.D. New York.

Dec. 9, 1997.

Robert N. Isseks, Middletown, NY, Alex Smith, Gurda, Gurda & Smith, Middletown, NY, for Plaintiff.

Richard B. Golden, County Attorney, Dept. of Law, Goshen, NY, for Defendant.

*MEMORANDUM & ORDER*

BRIEANT, District Judge.

Plaintiff moves by Order to Show Cause for a preliminary injunction declaring New York State Penal Law § 240.30(1) unconstitutional on its face and enjoining the Defendant, District Attorney of Orange County, from continuing the criminal prosecution against Plaintiff pending in the Justice Court of the Town of Monroe, New York. Appropriate notice has been given to the Attorney General of New York as required by 28 U.S.C. § 2403(b). Because of the important First Amendment issues at stake this Court declines the invitation of the District Attorney of Orange County to abstain from hearing this case, and grants the injunctive relief.

*Background*

Plaintiff, Andrew J. Schlagler, is being prosecuted by the Defendant, Francis D. Phillips, II, District Attorney of Orange County on a charge of Aggravated Harassment in the Second Degree in violation of New York State Penal Law § 240.30(1).[1] On

---

1. § 240.30(1) provides: "A person is guilty of aggravated harassment in the second degree when, with intent to harass, annoy, threaten or alarm another person, he or she...communicates, or causes a communication to be initiated... with a person, anonymously or otherwise, by... any [ ] form of written communication in a manner likely to cause annoyance or alarm." N.Y. Penal Law § 240.30(1) (McKinney 1997)

# 420

November 23, 1996 Mr. Schlagler, who is said to be a "skinhead," while in the Village Cafe in Monroe, New York, placed stickers inside the Cafe and on the back of one of the Cafe's patrons. The stickers presented an image which was, and was intended to be racist, derogatory and inflammatory.

An employee of the Cafe, who had to escort Mr. Schlagler from the premises, was offended and alarmed by the content of the sticker. He subsequently filed a criminal complaint against Mr. Schlagler with an officer of the Town of Monroe Police Department. The criminal charge against Mr. Schlagler is pending in the Town Justice Court of the Town of Monroe and is scheduled for trial on January 19, 1998. Mr. Schlagler alleges that the statute is unconstitutional and that the criminal prosecution is in retaliation for his exercise of his First Amendment right to freedom of speech as reflected in the content of the sticker. He seeks declaratory and injunctive relief pursuant to 42 USC § 1983.

## Discussion

### I. Younger Abstention

In *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the Supreme Court announced a strong policy against federal courts enjoining pending state court criminal prosecutions. The Court held that "the basic doctrine of equity jurisprudence [is] that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." 401 U.S. at 43–44, 91 S.Ct. at 750. The Supreme Court in *Younger* found that the plaintiff in that case had an adequate remedy as he could have raised his constitutional claims (that the California statute at issue in that case violated the First and Fourteenth Amendments) as a defense in the state court. The Supreme Court has also

held that where injunctive relief would be barred by the principles in *Younger,* declaratory relief should be denied as well. *Samuels v. Mackell,* 401 U.S. 66, 73, 91 S.Ct. 764, 768, 27 L.Ed.2d 688 (1971).

### II. "Bad Faith" Exception to Younger

 Mr. Schlagler argues that because this prosecution has been brought in retaliation for his exercise of his First Amendment right to free speech and based on the content of his speech, the case falls within the "bad faith" exception to the *Younger* abstention doctrine. In the *Younger* context "bad faith" generally means that a prosecution is brought without a reasonable expectation of obtaining a conviction, *Kugler v. Helfant,* 421 U.S. 117, 126 n. 6, 95 S.Ct. 1524, 1531 n. 6, 44 L.Ed.2d, 15 (1975). "Bad faith" is also present if the prosecution is brought for the purpose of retaliation or deterring constitutionally protected conduct. *See Cullen v. Fliegner,* 18 F.3d 96, 103–04 (2d Cir.1994) *cert. denied sub nom, Tuxedo Union Free School Dist. v. Cullen,* 513 U.S. 985, 115 S.Ct. 480, 130 L.Ed.2d 393 (1994). ("[A] refusal to abstain is also justified where a prosecution or proceeding has been brought to retaliate for or to deter constitutionally protected conduct, or where a prosecution or proceeding is otherwise brought in bad faith or for the purpose to harass... In such cases a showing of retaliatory or bad faith prosecution establishes irreparable injury for purposes of the *Younger* doctrine.")

In *Cullen* our Court of Appeals required a showing of bad faith. *Id.* at 104. While plaintiff presents no evidence of subjective bad faith by Mr. Phillips, he contends that because the statute is unconstitutional on its face, enforcement of the statute automatically chills his First Amendment rights[2]. Plaintiff argues that "[a]ll of the documents filed with the Town of Monroe Criminal Court, including the accusatory instrument, make clear that plaintiff is being prosecuted for the content of his pure First Amendment

---

Aggravated harassment in the second degree is a class A misdemeanor carrying a sentence of up to one year in jail.

**2.** While the initial prosecutorial decision to file the Information appears to have been made by a private complainant, the District Attorney of

Orange County represents The People of the State of New York in all misdemeanor prosecutions as to which the Justice presiding chooses to go forward. See N.Y. County Law § 700 (McKinney 1997).

speech." This Court agrees and concedes that the "bad faith" exception to the *Younger* doctrine therefore applies. Because of the important First Amendment interests that § 240.30(1) places at risk, the Court declines to abstain in this case. The New York Courts have already rejected similar efforts to prosecute for content under § 240.30(1), thus lending force to defendants' challenge to the statute. In *People v. Dupont,* 107 A.D.2d 247, 253, 486 N.Y.S.2d 169, 175 (1st Dept. 1985), the New York Appellate Division First Department reviewed the background of Penal Law § 240.30(1):

> The harassment statute, in its various formulations, including the present codification, does not appear to have been relied upon as the basis for punishing any but annoying and harassing communications transmitted directly to the complainant. It was not designed to prevent dissemination, let alone the publication of vexatious material about an individual.

*Id.,* 107 A.D.2d 247, 251, 486 N.Y.S.2d 169, 173.

In *Dupont,* the Appellate Division, First Department held that because the preferred position of the First Amendment freedoms is beyond dispute, "First Amendment freedoms must be given weighty consideration in balancing them against the interests underlying challenged statutes. The right to raise such an issue transcends the parties and controversies in the litigation." 107 A.D.2d 247, 253, 486 N.Y.S.2d 169, 174. While finding the statute on its face inapplicable to DuPont's conduct, the Appellate Division went on to find that "the distribution of literature, offensive thought it may be was plainly not within the hard core of the statute's proscriptions," and that if read to apply to constitutionally protected speech, the statute is void for vagueness.

Penal Law § 240.30(1) is over broad as well as vague. It is unclear what type of communication would be considered to be initiated "in a manner likely to cause annoyance or alarm" to another person. As the First Department stated in *Dupont:*

> In order to insure that such a statute may not chill the rights of others, the parties against whom the statute may constitutionally be applied will have standing to challenge it for overbreadth. Thus, in such cases there is 'no requirement that the person making the attack demonstrate that his own conduct could not be regulated by a statute drawn with the requisite narrow specificity.' *Dombrowski v. Pfister,* 380 U.S. 479, 486 [85 S.Ct. 1116, 1121, 14 L.Ed.2d 22 (1965)]. On this basis a litigant may challenge a statute, not because his own rights of free expression are violated, but because of the danger that the statute's very existence may cause others not before the court, to refrain from constitutionally protected speech or expression. *Broadrick [v. Oklahoma],* 413 U.S. [601] at 612, 93 S.Ct. [2908] at 2915 [37 L.Ed.2d 830 (1973)].

107 A.D.2d at 254, 486 N.Y.S.2d at 175.

The statute in this case is utterly repugnant to the First Amendment of the United States Constitution and also unconstitutional for vagueness. That a New York Court in *Dupont* so held, and clearly, in 1985 confirms that this prosecution is tainted by objective bad faith and should be stopped dead in its tracks.

We express no opinion as to whether placing stickers on the clothing or the real estate of another person without his consent may be prosecuted as an assault or a trespass, without regard to the editorial contents of the sticker, nor do we reach or consider the reported conviction under the statute in *People v. Smith,* 89 Misc.2d 789, 392 N.Y.S.2d 968, *cert. denied* 434 U.S. 920, 98 S.Ct. 393, 54 L.Ed.2d 276 (1977) in which the prosecution was not based on the content of the communication only but on its frequency, which supported a finding of intent to harass.

The motion will be treated as for summary judgment, and is granted.

Counsel shall settle on notice a judgment granting a permanent injunction against the continuance of the prosecution of plaintiff under the Criminal Information filed in the Justice Court of the Town of Monroe on November 23, 1996. The Court perceives no need for declaratory relief in light of the state court decision in *Dupont.* Plaintiff may

apply on notice within fifteen days for legal fees as a prevailing party.

SO ORDERED.