Andrew J. SCHLAGLER,
Plaintiff-Appellee,

v.

Francis D. PHILLIPS, II, District Attorney of Orange County, Defendant-Appellant.

Docket No. 98–7062

United States Court of Appeals, Second Circuit.

Argued Aug. 25, 1998.

Decided Jan. 28, 1999.

440

Richard B. Golden, Goshen, NY, for Appellant.

Robert N. Isseks, Middletown, N.Y. (Alex Smith, Middletown, NY, of counsel), for Appellee.

Jill Gross Marks, Assistant Attorney General, State of New York, New York City (Dennis C. Vacco, Attorney General of the State of New York, Edward D. Saslaw, Christine D. Duisin, Cynthia G. Kasnia, Assistant Attorneys General, State of New York, New York City, of counsel), for Amicus Curiae State of New York.

Before: MESKILL, WALKER and SACK, Circuit Judges.

MESKILL, Circuit Judge:

Defendant-appellant Francis D. Phillips II, District Attorney of Orange County, appeals from a final decision of the United States District Court for the Southern District of New York, Brieant, *J.*, which granted summary judgment in favor of plaintiff-appellee, Andrew J. Schlagler (Schlagler). *Schlagler v. Phillips*, 985 F.Supp. 419 (S.D.N.Y.1997). Schlagler had moved by order to show cause for declaratory and injunctive relief under 42 U.S.C. § 1983, claiming that the state's pending prosecution of him under New York Penal Law § 240.30(1) violated his First Amendment free speech rights. The district

court, believing that the statute was unconstitutional on its face, granted summary judgment in Schlagler's favor and permanently enjoined the state court prosecution. The court denied declaratory relief as unnecessary in light of *People v. Dupont,* 107 A.D.2d 247, 486 N.Y.S.2d 169 (1st Dep't 1985), which declared section 240.30(1) unconstitutional. For the reasons set out below, we vacate the judgment and remand to the district court with instructions to abstain from interfering with the state prosecution.

## BACKGROUND

On the evening of November 23, 1996 Schlagler, a patron at the Village Cafe in the town of Monroe in Orange County (Cafe), began placing in various locations throughout the Cafe, stickers which read "Skinheads Kick Ass" and depicted a white man wearing a swastika choking a black man. After watching Schlagler for a brief period of time, Cafe employees saw him place a sticker on the back of an unsuspecting patron of the establishment. At that point, Cafe employee William Dolson, who took offense at Schlagler's behavior and the content of the stickers, approached Schlagler and escorted him out of the Cafe. The Monroe Town Police arrived shortly thereafter in response to a call that a fight was in progress on the premises. Although there was no fight, Dolson gave the police a detailed account of the incident, including a description of Schlagler. Later that evening the police asked Dolson to accompany them to identify the suspect at another local cafe. Dolson identified Schlagler and filed a complaint against him with the Monroe Town Police.

Schlagler was issued an appearance ticket that charged him with aggravated harassment in the second degree, in violation of New York State Penal Law § 240.30(1), which provides, in pertinent part:

A person is guilty of aggravated harassment in the second degree when, with intent to harass, annoy, threaten or alarm another person, he or she:

1. Communicates, or causes a communication to be initiated ... with a person, anonymously or otherwise, by ... any ... form of written communication, in a manner likely to cause annoyance or alarm.

N.Y. Penal Law § 240.30(1) (McKinney 1997).

In a motion to dismiss dated December 16, 1996 Schlagler attacked the accusatory instrument as insufficient. In particular, Schlagler alleged that the placing of offensive stickers in a public place did not constitute a "communication" within the meaning of the statute. The Town Court of Monroe denied the motion, determining that the posting of the stickers was sufficient to come within the terms of the statute.

While the state criminal case was pending, Schlagler filed an action in the district court pursuant to 42 U.S.C. § 1983 claiming that the state prosecution violated his right of free speech under the First Amendment of the United States Constitution. Schlagler moved by order to show cause for a preliminary injunction enjoining the pending state proceeding. The state responded that the *Younger* abstention doctrine should apply. The district court rejected the *Younger* argument and granted a permanent injunction barring the state from further prosecuting Schlagler under the statute.

## DISCUSSION

At issue in this case is whether the district court erred in declining to abstain under the doctrine enunciated in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and in issuing an injunction barring prosecution under a New York state penal statute that the district court believed to be facially unconstitutional. We conclude that the district court should have followed the well established principles espoused in *Younger* and abstained from deciding the case.

We review the grant of an injunction for an abuse of discretion. However, if *Younger* applies, abstention is mandatory, *see Colorado River Water Conserv. Dist. v. United States,* 424 U.S. 800, 816 n. 22, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), and "we must review de novo the essentially legal determination of whether the requirements for abstention have been met." *Brooks v. New Hampshire Supreme Court,* 80 F.3d 633, 637 (1st Cir. 1996).

■ Under *Younger* and its progeny, a federal court should abstain from exercising jurisdiction where three factors are present: (1) there is an ongoing state criminal proceeding; (2) the claim raises important state interests; and (3) the state proceedings provide an adequate opportunity to raise the constitutional claims. *See Hansel v. Town Court of Springfield,* 56 F.3d 391, 393 (2d Cir.1995) (citing *CECOS Int'l v. Jorling,* 895 F.2d 66, 70 (2d Cir.1990)).

■ The *Younger* abstention doctrine recognizes that "[a] federal lawsuit to stop a prosecution in a state court is a serious matter," *Younger,* 401 U.S. at 42, 91 S.Ct. 746, and cautions that "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions," *id.* at 45, 91 S.Ct. 746. *Younger* abstention is grounded in principles of comity and federalism and is premised on the belief that a state proceeding provides a sufficient forum for federal constitutional claims. *See Cullen v. Fliegner,* 18 F.3d 96, 103 (2d Cir.1994) (citing *Kugler v. Helfant,* 421 U.S. 117, 124, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975)). These principles provide that abstention is required absent a suggestion that a prosecution was "brought in bad faith or is only one of a series of repeated prosecutions." *Younger,* 401 U.S. at 49, 91 S.Ct. 746.

■ The Supreme Court, recognizing that regulation of expression inevitably involves some inhibition of First Amendment freedoms, ruled "the chilling effect ... does not in itself justify prohibiting the State from carrying out the important and necessary task of enforcing these laws against socially harmful conduct that the State believes in good faith to be punishable under its laws and the Constitution." *Younger,* 401 U.S. at 51–52, 91 S.Ct. 746.

In *Cullen v. Fliegner,* we identified circumstances in which intervention might be warranted. In *Cullen* the district court determined that the bad faith exception could be applied because Cullen, a school teacher, was disciplined for protesting a school board's elections in retaliation for the exercise of his First Amendment right to protest. According to the district court in that case, a host of factors, including the repetitive nature, the "past history of personal conflict" between Cullen and the school board, and the "strictly *ad hominem*" manner in which Cullen was being disciplined made the retaliatory motivation clear and warranted intervention. *Cullen,* 18 F.3d at 104. These factors amounted to bad faith and prompted us to affirm the awarding of injunctive relief because the plaintiff demonstrated "'the kind of irreparable injury, above and beyond that associated with the defense of a single prosecution brought in good faith.'" *Id.* at 103 (quoting *Younger,* 401 U.S. at 48, 91 S.Ct. 746).

In *Cullen,* we noted that the retaliatory nature of the prosecution had a "chilling effect" on the First Amendment rights of the defendant. We upheld the district court's refusal to abstain, stating that, "[a]bstention would serve no purpose because a state cannot have a legitimate interest in discouraging the exercise of constitutional rights or, equally, in continuing actions otherwise brought in bad faith, thereby reducing the need for deference to state proceedings." *Cullen,* 18 F.3d at 104 (internal citation omitted). We concluded that intervention would be warranted in those cases "where a prosecution or proceeding has been brought to retaliate for or to deter constitutionally protected conduct, or where a prosecution or proceeding is otherwise brought in bad faith or for the purpose to harass." *Id.* at 103–04 (citing *Lewellen v. Raff,* 843 F.2d 1103, 1109–10 (8th Cir.1988)).

Relying on the language of *Cullen,* the district court asserted that the bad faith exception to the *Younger* doctrine applied in this case. *Schlagler,* 985 F.Supp. at 420–21. After concluding that there was no showing of subjective bad faith on Phillips' part, the district court nonetheless held that there was objective bad faith because the prosecution would chill Schlagler's free speech rights. *Id.* The prosecution in effect would be "deterring constitutionally protected conduct" within the meaning of *Cullen.* *Id.* at 420. The district court held that "[b]ecause of the important First Amendment interests that § 240.30(1) places at risk, the Court declines to abstain in this case." *Id.* at 421.

This reasoning undercuts the rationale set forth in *Younger,* which was also a First Amendment challenge to a state criminal prosecution. *Younger* narrowly limited exceptions to cases involving retaliatory or bad-faith efforts to regulate speech. If the district court's interpretation of the *Cullen* exception were followed to its logical conclusion, the exception would swallow the *Younger* rule. Following the district court's reasoning, in any prosecution under a content-based statute, the statute could be tested in federal court by an action for injunction and declaratory judgment without first giving the state court the opportunity to do so, on the theory that the statute is unconstitutional and the prosecution therefore seeks to retaliate for or deter protected speech.

■ The *Younger* exception enunciated in *Cullen* should be read more narrowly than the district court's decision suggests. If the facts show that the prosecution is in retaliation for past speech or shows a pattern of prosecution to inhibit speech beyond the acts being prosecuted, the exception should apply and abstention may be improper. Unlike *Cullen,* none of the facts indicating bad faith or an improper motive were found to be present here. There is no showing of retaliation or deterrence of protected speech.

■ Here, in concluding that § 240.30(1) is unconstitutional, and hence that this prosecution was brought in bad faith, the district court relied extensively on *People v. Dupont,* 107 A.D.2d 247, 486 N.Y.S.2d 169 (N.Y.A.D. 1st Dept.1985), a case which, in the district court's language, had found the statute "utterly repugnant to the First Amendment ... and also unconstitutional for vagueness." *Schlagler,* 985 F.Supp. at 421. In the district court's view, Phillips' decision to prosecute Schlagler despite *Dupont* "confirms that this prosecution is tainted by objective bad faith and should be stopped dead in its tracks." *Id.* In this manner, the district court concluded that Phillips prosecuted Schlagler in bad faith and that an exception to *Younger* abstention existed. The district court's reasoning cannot sustain its decision not to abstain.

The bad faith exception to *Younger* abstention might apply if, prior to Phillips' prosecution of Schlagler, the New York Court of Appeals or the United States Supreme Court had conclusively determined that section 240.30(1) was unconstitutional. In that event, no valid prosecution could be secured and no valid, good faith basis for the prosecution could exist. This is not the situation here because there has been no conclusive determination that section 240.30(1) is unconstitutional.

As an initial matter, in *Dupont* the court found the acts complained of did not fall within section 240.30(1) but nevertheless that the statute was unconstitutional on its face. While it may have purported to declare the statute facially invalid, it is not entirely clear that it did so and in any event does not render invalid all prosecutions under the statute. To the contrary, *Dupont* itself acknowledged that other courts have found the statute constitutional. *Dupont,* 107 A.D.2d at 252, 486 N.Y.S.2d at 173 (citing *People v. Smith,* 89 Misc.2d 789, 791–92, 392 N.Y.S.2d 968, 971 (N.Y.Sup.1977)). Moreover, there have been a number of successful prosecutions under the law since *Dupont. E.g., People v. Diraimondo,* 174 Misc.2d 937, 940, 667 N.Y.S.2d 205, 207–08 (N.Y. Dist. Ct.1997); *People v. Miguez,* 153 Misc.2d 442, 590 N.Y.S.2d 156 (N.Y.Sup.App.Term 1992), *aff'g* 147 Misc.2d 482, 556 N.Y.S.2d 231 (N.Y.City Crim.Ct.1990); *People v. Katz,* 135 Misc.2d 857, 518 N.Y.S.2d 721 (N.Y.Sup.App.Term 1987).

On appeal Schlagler supports the district court's decision not to abstain by citing *City of Houston v. Hill,* 482 U.S. 451, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987), a decision not relied on by the district court. But *Hill* is not a *Younger* case. In *Hill,* the plaintiff sought declaratory and other relief after prosecution, rather than, as here, injunctive and declaratory relief during prosecution. The factors underlying *Younger* abstention were not present and the *Hill* Court therefore does not cite *Younger* for any relevant point.

Because Schlagler has failed to show that the actions of Phillips constituted anything other than a straightforward enforcement of the laws of New York, his case does not fall within the bad faith exception as set forth in

*Cullen.* It is well settled that "the district attorney alone, should decide when and in what manner to prosecute a suspected offender." *Baez v. Hennessy,* 853 F.2d 73, 77 (2d Cir.1988). In this case, Phillips, within his discretion as District Attorney, commenced criminal proceedings. The record does not suggest that such action was being brought in retaliation for prior acts other than the incidents involved in this prosecution. Whether the statute is constitutional on its face or as applied, can be addressed in Schlagler's state court criminal prosecution.

## CONCLUSION

For the foregoing reasons, the judgment and injunction are vacated and the matter is remanded with instructions to abstain.