**Alvin A. RIVERS, Sr., Plaintiff–Appellant,**

v.

**Maureen McLEOD, a Judge of the New York State Family Court in and for the County of Kings, and the Salvation Army, and its agents, Defendants–Appellees.**

**Docket No. 00–9121.**

United States Court of Appeals, Second Circuit.

Argued May 15, 2001.

Decided May 25, 2001.

Alvin A. Rivers, Sr., Brooklyn, NY, pro se.

Carol Fischer, Assistant Attorney General, New York, N.Y. (Eliot Spitzer, Attorney General of the State of New York, Marion Buchbinder, Assistant Solicitor General, on the brief), for defendant-appellee Hon. Maureen McLeod.

Douglas H. Reiniger, Rosin & Reiniger, New York, NY, for defendant-appellee The Salvation Army.

Before FEINBERG, OAKES, and SOTOMAYOR, Circuit Judges.

PER CURIAM:

Plaintiff Alvin A. Rivers, Sr. ("Rivers"), *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging that: (1) defendant Judge Maureen McLeod ("Judge McLeod"), a New York State Family Court judge, denied him due process by modifying his visitation rights without a hearing and denied him the effective assistance of counsel; and (2) defendant The Salvation Army deprived him of due process by denying him visitation without a hearing and failed to provide his grandson with adequate medical care in violation of the Fourteenth Amendment. The United States District Court for the Eastern District of New York (Block, *J.*) dismissed his complaint for lack of jurisdiction under the *Rooker Feldman* doctrine, *see Johnson v. Smithsonian Inst.*, 189 F.3d 180, 185 (2d Cir.1999), and principles of abstention, *see Schlagler v. Phillips*, 166 F.3d 439, 442 (2d Cir.1999). Rivers appeals only the district court's dismissal of his claim that The Salvation Army failed to provide his grandson with adequate medical care.[1]

█ We review *de novo* the district court's determination that, as a matter of law, jurisdiction did not exist. *Moccio v. New York State Office of Court Admin.*, 95 F.3d 195, 198 (2d Cir.1996). We disagree with the district court conclusion that Rivers's claim against The Salvation Army for its alleged denial of appropriate medical treatment to his grandson is barred under either the *Rooker Feldman* doctrine or

principles of abstention. The district court erred in finding that this claim is inextricably intertwined with the issues raised and adjudicated in the Family Court proceedings. " '[I]nextricably intertwined' means, at a minimum, that where a federal plaintiff had an opportunity to litigate a claim in a state proceeding … subsequent litigation of the claim will be barred under the *Rooker Feldman* doctrine if it would be barred under the principles of preclusion." *Moccio*, 95 F.3d at 199–200. Rivers's claim regarding the medical care of his grandson would not be barred under principles of preclusion because the issue was not litigated in the Family Court proceeding, *see Colon v. Coughlin*, 58 F.3d 865, 869 (2d Cir.1995) (stating that collateral estoppel applies when the issue in question was actually decided in a prior proceeding), and because the claim does not arise from the same set of facts that formed the basis for the Family Court proceedings, *see Yonkers Contracting Co. v. Port Auth. Trans–Hudson Corp.*, 93 N.Y.2d 375, 380, 690 N.Y.S.2d 512, 712 N.E.2d 678 (1999) (stating that res judicata bars claims arising out of the same transaction). Further, the claim does not call into question the validity of the Family Court's orders regarding custody and visitation. *See Johnson*, 189 F.3d at 185 ("The [*Rooker Feldman*] principle holds that, among federal courts, only the Supreme Court has subject matter jurisdiction to review state court judgments").

█ Principles of abstention under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), likewise do not bar the district court from considering Rivers's claim regarding his grandson's medical treatment because application of the *Younger* doctrine is inappropriate

---

1. At oral argument, Rivers voluntarily dismissed his appeal of the district court's dismissal of all of his claims against Judge McLeod and of his due process claim against The Salvation Army.

where the litigant seeks money damages for an alleged violation of § 1983, as Rivers does in this case. *See Kirschner v. Klemons,* 225 F.3d 227, 238 (2d Cir.2000). Therefore, we vacate the district court's dismissal of River's claim that The Salvation Army deprived his grandson of appropriate medical care. 

 On remand, the district court should consider, *inter alia,* whether Rivers has standing to bring the claim regarding his grandson's medical treatment. It is unclear from Rivers's complaint whether he is asserting this claim on behalf of his grandson or on his own behalf. Although generally a party may not assert the rights of third parties, parents ordinarily have standing to assert the claims of their minor children. *See Altman v. Bedford Cent. Sch. Dist.,* 245 F.3d 49, 70 (2d Cir.2001). To the extent that Rivers is asserting a claim on behalf of his grandson, the district court should examine whether Rivers has standing to do so in light of the fact that he has lost temporary custody of his grandson. Assuming *arguendo* that Rivers has standing to assert claims on behalf of his grandson, the district court should also determine whether Rivers should be appointed counsel, *see Wenger v. Canastota Cent. Sch. Dist.,* 146 F.3d 123, 124 (2d Cir.1998) (per curiam), *cert. denied,* 526 U.S. 1025, 119 S.Ct. 1267, 143 L.Ed.2d 363 (1999) (stating that "a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child") (internal quotation marks omitted), or whether Rivers's grandson should be appointed a *guardian ad litem, see id.* at 125 n. 1. Whether a parent of a child harmed in foster care has a claim of his or her own is an unsettled question in this circuit, although the Third Circuit has recognized such a claim. *See Estate of Bailey v. County of York,* 768 F.2d 503, 509 n. 7 (3d Cir.1985), *abrogated on other grounds by*

*DeShaney v. Winnebago County Dep't of Soc. Servs.,* 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989). Thus, to the extent that Rivers is asserting a claim on his own behalf regarding The Salvation Army's alleged denial of medical treatment to his grandson, the district court should consider in the first instance whether such a claim is viable.

For these reasons, we vacate and remand the district court's dismissal of Rivers's claim that The Salvation Army deprived his grandson of adequate medical treatment.