Annselm MORPURGO, Plaintiff–Appellant,

v.

The INCORPORATED VILLAGE OF SAG HARBOR, Gregory N. Ferraris as appointed Mayor, Edward Deyermond as retiring elected Mayor, J. Doe # 1 through # N of the elected Board of Trustees, Sag Harbor Village Police, Thomas Fabiano as Police Chief, Police Officer Patrick Milazzo, Sag Harbor Village Buildings Department, Timothy Platt as Fire Marshal/Code Enforcer, Building Inspector Albert Daniels as material witness, Suffolk County Water Authority, Paul Greenwood as Assistant Superintendent, Caleca & Towner, PC, Andrew T. Towner, Esq., John Jermain Memorial Library, Gregory N. Ferraris as President of the Board of Trustees, John Jermain Future Fund, Gail Slevin and Gregory N. Ferraris, CPA, LLC, as Contacts, and J. Doe # 1 through # N as subscribers, Gail Slevin as Contact, Gregory N. Ferraris, Thomas Fabiano, Patrick Milazzo, Timothy Platt, Paul Greenwood, Christine Stanley, also known as Helga Morpurgo, Andrew Taras Towner, Esq., Michael A. Wolohojian, Peter Darrow, and other persons J. Doe # 1 through # N as other conspiring individuals upon discovery, Defendants–Appellees.*

No. 07–5392–pr.

United States Court of Appeals, Second Circuit.

May 15, 2009.

---

* The Clerk of Court is directed to amend the official caption to conform to the listing of the parties above.

Annselm Morpurgo, Sag Harbor, NY, pro se.

Andrew T. Towner, Caleca & Towner, PC, East Hampton, NY, for Defendants–Appellees Christine Stanley, also known as Helga Morpurgo, Andrew T. Towner, and Caleca & Towner, PC.

Anton Piotroski, Hammill, O'Brien, Croutier, Dempsey & Pender, P.C., Syosset, NY, for Defendants–Appellees John Jermain Memorial Library, Gregory N. Ferraris, and the John Jermain Future Fund.

Diane K. Farrell, Devitt Spellman Barrett, LLP, Smithtown, NY, for Defendants–Appellees The Incorporated Village of Sag Harbor, Sag Harbor Village Police, Sag Harbor Village Buildings Department, Edward Deyermond, Gregory N. Ferraris, Thomas Fabiano, Patrick Milazzo, Timothy Platt, and Building Inspector Albert Daniels.

Amiel S. Gross, Twomey, Latham, Shea, Kelley, Dubin & Quartararo LLP, Riverhead, NY, for Defendants–Appellees Suffolk County Water Authority and Paul Greenwood.

Sharon A. Sandell, Mayer Brown LLP, New York, NY, for Defendant–Appellee Peter Darrow.

PRESENT: WILFRED FEINBERG, JOSÉ A. CABRANES and SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Annselm Morpurgo ("plaintiff") appeals, *pro se,* from a November 8, 2007 judgment entered in the District Court, in which the District Court declined to exercise jurisdiction over plaintiff's claims pursuant to *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). We assume the parties' familiarity with the factual and procedural history of the case, as well as the issues on appeal.

We review *de novo* a district court's determination that "the requirements for abstention [under *Younger*] have been met." *Diamond "D" Constr. Corp. v. McGowan,* 282 F.3d 191, 197 (2d Cir.2002) (quoting *Schlagler v. Phillips,* 166 F.3d 439, 441 (2d Cir.1999)). *"Younger* abstention is required when three conditions are met: (1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." *Diamond "D" Constr. Corp.,* 282 F.3d at 198. However, we have held that "application of the *Younger* doctrine is inappropriate where the litigant seeks money damages for an alleged violation of § 1983 ..." *Rivers v. McLeod,* 252 F.3d 99, 101–02 (2d

Cir.2001) (citing *Kirschner v. Klemons*, 225 F.3d 227, 238 (2d Cir.2000)).

Upon a review of the record, we conclude that insofar as plaintiff was seeking injunctive relief, the District Court properly found that the three *Younger* factors were met and accordingly properly abstained from exercising jurisdiction. However, we conclude that the District Court erred in abstaining from exercising jurisdiction over plaintiff's claims for monetary damages.[1]

Accordingly, the judgment of the District Court is **AFFIRMED** with respect to plaintiff's claims seeking injunctive relief, but **VACATED** with respect to plaintiff's claims for monetary damages, and the cause is **REMANDED** to the District Court for further proceedings consistent with this order.

---

1. We intimate no view on the merits of these claims.