10-3859-cv
Jackson Hewitt v. Kirkland

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**
**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


        At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day January, two thousand twelve.

Present:        ROSEMARY S. POOLER,
                DEBRA ANN LIVINGSTON
                RAYMOND J. LOHIER, JR.,
                        *Circuit Judges*.

_____

JACKSON HEWITT TAX SERVICE INC.,
JACKSON HEWITT INC.,

                        *Plaintiffs-Appellants*,


                -v.-                                10-3859-cv


GALEN D. KIRKLAND, IN HIS OFFICIAL CAPACITY
AS COMMISSIONER OF THE NEW YORK STATE
DIVISION OF HUMAN RIGHTS,[*]

                        *Defendant-Appellee*.

_____


Appearing for Appellants:        Benjamin B. Klubes, Victoria Holstein-Childress, BuckleySandler
                                 LLP, Washington, D.C.

Appearing for Appellee:          Steven C. Wu, Assistant Solicitor General; Richard Dearing,
                                 Deputy Solicitor General; Barbara D. Underwood, Solicitor
                                 General, *for* Eric T. Schneiderman, Attorney General of the State
                                 of New York, New York, N.Y.

---

[*]The Clerk of Court is directed to conform its caption to the corrected one hereon.

Appeal from a judgment of the United States District Court for the Southern District of New York (Koeltl, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiffs-appellants Jackson Hewitt Tax Service Inc. and Jackson Hewitt Inc. (collectively, "Jackson Hewitt") appeal from a judgment of the United States District Court for the Southern District of New York dismissing, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), their suit to enjoin New York's administrative action against them. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

When the three conditions of *Younger* are met, "abstention is mandatory and its application deprives the federal court of jurisdiction in the matter." *Id.* at 197. The three conditions, which the parties in this case agree have been satisfied, are: "(1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." *Id.* at 198.

There are, however, two "tightly defined exceptions to the *Younger* abstention doctrine," *id.* at 197, the "bad faith" exception and the "extraordinary circumstances" exception. *Id.* at 198. A plaintiff seeking "to head off *Younger* abstention bears the burden of establishing that one of the exceptions applies." *Id.* The sole issue on appeal is whether the district court erred in concluding that no exception to *Younger* applied.

"[This Court] review[s] de novo the essentially legal determination of whether the requirements for abstention have been met." *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 197 (2d Cir. 2002). "While we review the district court's findings of fact only for clear error, whether those facts come within the ambit of either the 'bad faith' or 'extraordinary circumstances' exceptions to the *Younger* abstention doctrine is a mixed question of law and fact that we must also review de novo." *Id.* at 198 (citation and internal quotation marks omitted).

A federal plaintiff seeking to establish that the bad faith exception to *Younger* applies must show that "the party bringing the state action [has] no reasonable expectation of obtaining a favorable outcome," *Cullen v. Fliegner*, 18 F.3d 96, 103 (2d Cir. 1994), but rather brought the proceeding with "a retaliatory, harassing, or other illegitimate motive." *Diamond "D"*, 282 F.3d at 199. The "subjective motivation of the state authority in bringing the proceeding is critical to, if not determinative of" the bad faith inquiry. *Id.* Jackson Hewitt argues that the New York State Division of Human Rights (the "Division") brought its action in bad faith because it is not truly motivated by an intent to prevent unlawful discrimination. Instead, Jackson Hewitt contends, the Division's action is "nothing more than a thinly-veiled attempt to eliminate a legal loan product that the Division dislikes and as to which it has no regulatory authority." Appellants' Br. 16.

2

First, the district court correctly concluded that "Jackson Hewitt has not shown that the Division's theory is so unreasonable as to suggest that its proceedings are in bad faith or are motivated by a desire to harass." At best, Jackson Hewitt has shown that the Division is pursuing a novel legal theory under the New York Human Rights Law; it has not demonstrated that the Division has "no reasonable expectation of obtaining a favorable outcome," *Cullen*, 18 F.3d at 103, and therefore commenced the action in bad faith. "*Younger* [abstention] is grounded in concern for comity toward our co-equal sovereigns." *Diamond "D"*, 282 F.3d at 199-200. "[I]t is only when the state proceeding is brought with *no legitimate purpose* that this state interest in correcting its own mistakes dissipates, and along with it, the compelling need for federal deference." *Id.* at 200 (emphasis added).

Second, as to evidence of subjective bad faith, Jackson Hewitt relies chiefly upon statements of former Division Commissioner Kumiki Gibson in press releases and news reports. To establish bad faith, "the federal plaintiff must show that the state proceeding was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive." *Id.* at 199. Former Commissioner Gibson's statements do not satisfy that standard. Gibson's statements do not suggest any motivation for bringing the action beyond a desire to protect racial minorities and military families from illegal discriminatory treatment by predatory lenders— a legitimate goal of the Human Rights Division, which is charged, inter alia, with eliminating and preventing discrimination in credit transactions. *See* N.Y. Exec. Law § 290(3). Any animus expressed in these statements is directed at the alleged discriminatory conduct. Further, there is no evidence that the proceedings were intended to retaliate against Jackson Hewitt for conduct extrinsic to the proceedings, as in *Cullen*, nor is there any evidence or allegation that the Division singled out Jackson Hewitt, in particular, for unfair treatment.

Jackson Hewitt further argues that "[t]he *Younger* doctrine also is inapplicable because the Division's action impedes Jackson Hewitt's constitutionally protected right to commercial speech." Appellants' Br. 22. The district court properly rejected this argument because "the existence of a 'chilling effect,' even in the area of First Amendment rights, has never been considered a sufficient basis, in and of itself, for prohibiting state action." *Younger*, 401 U.S. at 51; *see also Spargo v. New York State Comm'n on Judicial Conduct*, 351 F.3d 65, 81 (2d Cir. 2003) (quoting *Younger*, 401 U.S. at 51). If the federal plaintiff demonstrates that "the prosecution is in *retaliation* for past speech or shows a pattern of prosecution to inhibit speech *beyond* the acts being prosecuted, the exception should apply and abstention may be improper." *Schlagler v. Phillips*, 166 F.3d 439, 443 (2d Cir. 1999) (emphases added). Here, however, Jackson Hewitt has not demonstrated that the administrative action was *intended* to inhibit its First Amendment rights. Thus, even if the Division's action will impinge on Jackson Hewitt's First Amendment rights, abstention is nonetheless warranted: "[a] state proceeding that is legitimate in its purposes, but unconstitutional in its execution—even when the violations of constitutional rights are egregious—will not warrant the application of the bad faith exception." *Diamond "D"*, 282 F.3d at 199.

Finally, Jackson Hewitt requests that we remand the matter to the district court for limited discovery and findings of fact in order to determine "what the new Commissioner, who has not repudiated what was said in the past and who has made no comment publicly, might be saying internally . . . , what he might have said . . . to the administrative law judge presiding over the state administrative proceeding, as well as other statements and information relating to the Division's bad faith." Appellants' Br. 30-31. This argument is not persuasive because the evidence sought would be irrelevant. Even if the new Commissioner were biased against Jackson Hewitt, there is no allegation that he was involved in the original decision to bring the proceeding; further fact-finding as to his current views would not be probative of whether the Division brought the proceeding in subjectively bad faith.

We have considered Jackson Hewitt's remaining arguments on appeal and found them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

4