13-4781-pr
*Jordan v. Bailey*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of June, two thousand fourteen.

PRESENT:   BARRINGTON D. PARKER,
           DENNY CHIN,
                   *Circuit Judges*,
           WILLIAM K. SESSIONS, III,
                   *District Judge*.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

GIGI JORDAN,
                   *Petitioner-Appellant*,

           v.                                              13-4781-pr

ALEX BAILEY, Warden of Rose M. Singer Center,
Rikers Island Correctional Facility and ERIC

---

\*       The Honorable William K. Sessions, III, of the United States District Court for the District of Vermont, sitting by designation.

SCHNEIDERMAN, Attorney General of the State of
New York,

                *Respondents-Appellees*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PETITIONER-APPELLANT:        NORMAN H. SIEGEL, Siegel, Teitelbaum &
Evans LLP, New York (Ronald L. Kuby, Law
Office of Ronald L. Kuby, New York, New
York, Michael G. Dowd, The Law Office of
Michael G. Dowd, New York, New York, Allan
L. Brenner, The Law Office of Allan Brenner,
Long Beach, New York, *on the brief*).

FOR RESPONDENTS-APPELLEES:        SARA ZAUSMER, Assistant District Attorney
(Alan Gadlin, Assistant District Attorney, *on
the brief*), *for* Cyrus R. Vance, Jr., District
Attorney of New York County, New York,
New York.

       Appeal from the United States District Court for the Southern District of

New York (Forrest, *J.*).

       **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

       Petitioner-Appellant Gigi Jordan has been detained since February 5, 2010,

awaiting her trial in the Supreme Court of the State of New York, New York County, on

charges of second-degree murder for killing her eight-year-old son.  This appeal is from

a final order of the United States District Court for the Southern District of New York,

filed December 2, 2013, denying Jordan's petition for a writ of habeas corpus pursuant

to 28 U.S.C. § 2241.  On December 11, 2013, the district court issued a certificate of

appealability as to three issues: First, "[w]hether the [district court's] application of the abstention doctrine was inapposite to the issue of the petitioner's state detention violating her federal due process rights," second, "[w]hether the inability of existing state remedies to provide swift review of petitioner's due process claim renders state remedies futile and inadequate and nullifies exhaustion as a bar to federal review on the merits," and third, "[w]hether petitioner's detention in excess of 44 months violates her federal due process rights." Order, Dec. 11, 2013, at 1-2.

As an initial matter, we note that after the district court issued the certificate of appealability, the New York Court of Appeals denied Jordan's motion for leave to appeal the denial of habeas corpus relief. *People ex rel. Kuby v. Agro*, 5 N.E.3d 591 (N.Y. 2014). Accordingly, we do not address the second question. Nor do we reach the third question. Instead, we affirm, without prejudice, the district court's denial of the writ on the grounds that abstention pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), is appropriate at this time.

"*Younger* generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002). The doctrine of federal abstention "is grounded in principles of comity and federalism and is premised on the belief that a state proceeding provides a sufficient forum for federal constitutional claims." *Schlagler v. Phillips*, 166 F.3d 439, 442 (2d Cir.

- 3 -

1999).  Hence, only "'in cases of proven harassment or prosecutions undertaken by state officials in bad faith,'" *Diamond "D." Const. Corp.*, 282 F.3d at 199 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)), or "if 'extraordinary circumstances' render the state court incapable of fairly and fully adjudicating the federal issues before it, can there be any relaxation of the deference to be accorded to the state criminal process," *id.* at 201 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).  Although "[t]he very nature of 'extraordinary circumstances' . . . makes it impossible to anticipate and define every situation that might create a sufficient threat of such great, immediate, and irreparable injury as to warrant intervention in state criminal proceedings," at the very least, "such circumstances must be 'extraordinary' in the sense of creating an extraordinarily pressing need for immediate federal equitable relief."  *Id.* (quoting *Kugler*, 421 U.S. at 124-25).

Younger abstention ordinarily applies to a state court's bail application proceedings.  *See Wallace v. Kern*, 520 F.2d 400, 405-06 (2d Cir. 1975).  Accordingly, absent bad faith or extraordinary circumstances, it would not be appropriate for us to grant a writ in this case.  Jordan argues that her prolonged pretrial detention constitutes an extraordinary circumstance that warrants federal intervention.  In light of the fact that a trial date has been set for early September, however, we are not persuaded that "an extraordinarily pressing need for immediate federal equitable relief" exists at this time. *Diamond "D." Const. Corp.*, 282 F.3d at 201 (quoting *Kugler*, 421 U.S. at 125).

Nevertheless, we note our concerns. Jordan has been detained for some 52 months. Although "[l]ength of a detention period will rarely by itself offend due process," *United States v. Orena*, 986 F.2d 628, 631 (2d Cir. 1993), the length of pretrial incarceration here is highly troubling and, on its face, raises substantial questions. *See United States v. Gonzales Claudio*, 806 F.2d 334, 340 (2d Cir. 1986) (noting "at some point the length of confinement would exceed constitutional limits regardless of the circumstances"). Moreover, while Jordan is responsible for some of the delay, the prosecution likewise is responsible as well, as the trial court found. *See* Decision and Order, Aug. 2, 2013, at 2 (noting both parties "are responsible, to some degree, for the delay"); *cf. Gonzales Claudio*, 806 F.2d at 342-43 ("It suffices . . . to conclude that the Government, even if not deserving of blame, bears a responsibility for a portion of the delay significant enough to add considerable weight to the defendants' claim that the duration of detention has exceeded constitutional limits."). Finally, we note our concern with two arguments advanced by the prosecution, that (1) nothing Jordan might propose in a bail application would be sufficient to overcome her risk of flight, and (2) no period of delay would constitute extraordinary circumstances sufficient to warrant intervention by a federal court. Although we do not decide these issues now, we note our skepticism.

In sum, because trial has been tentatively set for early September, we do not, at this time, find extraordinary circumstances that create a pressing need for federal

- 5 -

relief.  Therefore, pursuant to *Younger*, we abstain from reaching Jordan's due process claim.  In light of our concerns, however, we note that if trial does not commence by October 1, 2014, extraordinary circumstances may make the issuance of a writ granting bail appropriate.  Accordingly, the final order of the district court is **AFFIRMED**, without prejudice to the refiling of a habeas petition in the district court in the event of further delay.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
