Talandar v. State of Vermont

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand twenty-three.**

**PRESENT:**

> **JOHN M. WALKER, JR.,**
> **REENA RAGGI,**
> **MICHAEL H. PARK,**
> > *Circuit Judges.*

---

**Draxxion Talandar,**

> *Plaintiff-Appellant,*

> **v.**

**State of Vermont,**                                        21-1441

> *Defendant-Appellee.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Cabot R. Teachout, DesMeules Olmstead & Ostler, Norwich, VT. |
| **FOR DEFENDANT-APPELLEE:** | Rachel E. Smith, Deputy Solicitor General, Office of the Attorney General, Montpelier, VT. |

Appeal from a judgment of the United States District Court for the District of Vermont (William K. Sessions, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Draxxion Talandar filed a declaratory judgment action in the district court, seeking a judgment that the State of Vermont violated his rights under the Speedy Trial Clause of the Sixth Amendment to the United States Constitution.[1]  In December 2019, Vermont charged Talandar with, *inter alia*, multiple counts of felony sexual assault in two cases.  Talandar's efforts to raise Speedy Trial Clause challenges in state court were unsuccessful.  One of his state cases has now been tried, while the other remains pending.  The district court dismissed the present action without prejudice, holding that it was required to abstain under *Younger v. Harris*, 401 U.S. 37 (1971).  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The *Younger* doctrine recognizes that "only exceptional circumstances . . . justify a federal court's refusal to decide a case in deference to the States," one of which is to avoid "federal intrusion into ongoing state criminal prosecutions."  *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (cleaned up).  We review the application of *Younger* abstention *de novo*.  *See Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 197-98 (2d Cir. 2002).  Talandar does not argue that his case falls outside the scope of *Younger* but instead that it qualifies for an exception to that doctrine.  The relevant exception requires the plaintiff to show "(1) that there [is] no state remedy available to meaningfully, timely, and adequately remedy the alleged

---

[1] Talandar's civil complaint was combined with his petition for a writ of habeas corpus under 28 U.S.C. § 2241.  He voluntarily dismissed the habeas portion of this case after his release on bail to home detention.

constitutional violation; *and* (2) . . . that the litigant will suffer great and immediate harm if the federal court does not intervene." *Id.* at 201 (cleaned up). This case meets neither requirement.

First, the Vermont courts are capable of adjudicating Talandar's constitutional claims and have done so several times. In fact, Talandar has had some success in the state-court litigation, including obtaining his release on bail—the same relief he initially sought from the district court here. Talandar's lack of complete victory does not show the state courts' inadequacy. "[T]he question whether the state's procedural remedies *could* provide the relief sought does not turn on whether the state *will* provide the relief sought by the plaintiff before the federal court." *Kirschner v. Klemons*, 225 F.3d 227, 235 (2d Cir. 2000).

Second, Talandar has not shown that he will be irreparably harmed absent federal intervention. He points to his "prolonged incarceration" and the delay in scheduling trial, Appellant's Br. at 13, but those issues have since been substantially remedied, and "the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution," *Younger*, 401 U.S. at 46. This Court has previously applied *Younger* to criminal defendants who experienced considerably longer pretrial detention than Talandar. *See, e.g.*, *Jordan v. Bailey*, 570 F. App'x 42, 44-45 (2d Cir. June 19, 2014) (applying *Younger* abstention in a case involving a criminal defendant who "ha[d] been detained for some 52 months"). The district court here also properly declined to entertain Talandar's case.

We have considered all of Talandar's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3