Kates v. New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of February, two thousand twenty-five.

PRESENT:
   **DENNY CHIN,**
   **MYRNA PÉREZ,**
   **ALISON J. NATHAN,**
    *Circuit Judges.*

_____

**Alexander Kates,**

   *Plaintiff-Appellant,*

  **v.**           **24-1863**

**State of New York,**

   *Defendant.*[*]

---

[*] The Clerk of Court is respectfully directed to amend the official caption as set forth above.

_____

**FOR PLAINTIFF-APPELLANT:**                    Alexander Kates, pro se, Attica, N.Y.

**FOR DEFENDANT:**                    No appearance.

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED AS MODIFIED**.

In 2023, Plaintiff-Appellant Alexander Kates, representing himself, sued the State of New York pursuant to 42 U.S.C. §§ 1983 and 1986, seeking a declaration that his 2011 state court conviction for attempted criminal possession of a weapon was invalid due to a number of constitutional violations, and alleging that N.Y. Penal Law § 265.15, under which he had been convicted, was facially unconstitutional.  In his complaint, Ross sought both declaratory and injunctive relief.

The district court ordered Kates to show cause why his complaint should not be dismissed as untimely.  Kates responded to the district court's order to show

2

cause, and the district court proceeded to sua sponte dismiss the complaint with prejudice, finding it was barred by the three-year statute of limitations for § 1983 claims. *See Kates v. New York*, 23-CV-6426DGL, 2024 WL 3228051, at *2–3 (W.D.N.Y. June 27, 2024). The district court did not indicate whether it considered granting Kates leave to amend his complaint. *Id.* Kates timely appealed.[2]

We assume the parties' familiarity with the remaining facts, the procedural history, and issues on appeal, which we recount only as necessary to explain our decision.

## DISCUSSION

This Court reviews de novo the sua sponte dismissal of a complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004).

### I.     Unconstitutional Conviction Claim

Without deciding whether the district court's dismissal of Kates's retrospective § 1983 claim as time-barred was correct, we affirm on the alternate ground that this claim is barred by the Eleventh Amendment. *See Mitchell v. City*

---

[2] The State of New York was never served in the district court proceedings, and, accordingly, is not a party to this appeal. *See Lewis v. New York*, 547 F.2d 4, 6 (2d Cir. 1976). Regardless, on the sua sponte dismissal of a complaint, this Court maintains appellate jurisdiction over the appeal. *See McEachin v. McGuinnis*, 357 F.3d 197, 200–01 (2d Cir. 2004).

3

*of New York*, 841 F.3d 72, 77 (2d Cir. 2016) ("It is well-settled that this court may affirm on any grounds for which there is a record sufficient to permit conclusions of law, including grounds no[t] relied upon by the district court." (internal quotation marks omitted and alterations adopted)).

"[T]he Eleventh Amendment bars a federal court from hearing suits at law or in equity against a State brought by citizens of that State or another." *T.W. v. N.Y. State Bd. of Law Examiners*, 110 F.4th 71, 91 (2d Cir. 2024) (quoting *Vega v. Semple*, 963 F.3d 259, 281 (2d Cir. 2020). Consistent with this principle, this Court has generally held that the type of retrospective relief that Kates seeks here—a declaration that the State violated his federal rights in the past—is barred by the Eleventh Amendment. *See, e.g.*, *Ward v. Thomas*, 207 F.3d 114, 119 (2d Cir. 2000) (explaining that "suits against states and their officials seeking damages for past injuries are firmly foreclosed by the Eleventh Amendment," and plaintiffs cannot pursue a "declaratory judgment that the state had violated federal law in the past"); *United States v. Yonkers Bd. of Educ.*, 893 F.2d 498, 503 (2d Cir. 1990) (explaining that the Eleventh Amendment "gives a state, and state officials acting in their official capacities, protection against suits by citizens for damages for past wrongs"); *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139,

4

146 (1993) (indicating that the Eleventh Amendment "does not permit judgments against state officers declaring that they violated federal law in the past"). Because Kates named the State of New York as a defendant, to the extent he sought a declaration that the State of New York's past conduct violated his federal rights, the Eleventh Amendment bars his claim.[3]

## II. Claim for Injunctive Relief

Kates's claim seeking prospective relief, if we construe it liberally to name Letitia James in her official capacity as Attorney General of the State of New York,[4] does not suffer from the same infirmity. The Eleventh Amendment does not bar this claim to the extent it seeks prospective, rather than retrospective, relief. *See, e.g.*, *In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007) ("[A] plaintiff may sue a state official acting in his official capacity—notwithstanding the Eleventh Amendment—for prospective injunctive relief from violations of federal law." (internal quotation marks omitted)). And we agree with Kates that the district

---

[3] The district court's dismissal was with prejudice, and Kates does not challenge the "with prejudice" portion of the judgment on appeal. Because no party has asked us to modify the dismissal to be without prejudice, we affirm the dismissal of the claims for retrospective relief with prejudice.

[4] *See* Compl. at 1–2, *Kates v. New York*, No. 23-CV-6426-DGL (W.D.N.Y. July 31, 2023) ("Respondent, the State of New York, is represented by Letitia James, the Attorney General of the State of New York . . . Respondent is (a) sued in her official capacity[.]")

5

court erred when it dismissed this claim as barred by the statute of limitations, since the statute is still on the books and he alleges a continuing violation. *See, e.g.*, *Shomo v. City of New York*, 579 F.3d 176, 182 (2d Cir. 2009) (determining that the continuing violation doctrine applies to claims challenging policy currently in place).

We nonetheless affirm the dismissal of this claim on the alternate ground that Kates lacks standing to pursue his claims for prospective relief. "Pre-enforcement challenges to criminal statutes are cognizable under Article III," but only if, among other things, the plaintiff is "facing the threatened enforcement of a law that is sufficiently imminent." *Picard v. Magliano*, 42 F.4th 89, 97 (2d Cir. 2022) (internal quotation marks and citation omitted). "Specifically, a plaintiff satisfies the injury-in-fact requirement where he alleges an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder." *Id.* (internal quotation marks and citation omitted). Here, Kates's complaint complained largely of the State of New York's actions related to his prosecution more than a decade ago, but it contained no allegations establishing that Kates, who is currently incarcerated, intends to engage in a course of conduct in the

6

foreseeable future that is likely to subject him to prosecution. *See, e.g., Marcavage v. City of New York*, 689 F.3d 98, 103 (2d Cir. 2012) ("To obtain prospective relief, such as a declaratory judgment or an injunction, a plaintiff must show, *inter alia*, a sufficient likelihood that he or she will again be wronged in a similar way." (alterations adopted) (internal quotation marks and citation omitted)).

In addition, to the extent Kates seeks to enjoin current prosecutions by the State of New York against others, the claim is additionally barred by *Younger v. Harris*, 401 U.S. 37, 43–45 (1971), which established that federal courts should refrain from enjoining or otherwise interfering in ongoing state criminal proceedings. *See, e.g., Schlagler v. Phillips*, 166 F.3d 439, 442 (2d Cir. 1999) ("The *Younger* abstention doctrine recognizes that a federal lawsuit to stop a prosecution in a state court is a serious matter, and cautions that the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions" (internal quotation marks and citations omitted)).

Yet in affirming the district court's decision on the basis of lack of standing, this Court must consider whether dismissal with prejudice is appropriate. A dismissal for lack of standing implicates subject matter jurisdiction, *see Butcher v. Wendt*, 975 F.3d 236, 242 (2d Cir. 2020), and "dismissals for lack of subject matter

7

jurisdiction must be without prejudice, rather than with prejudice," *Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070, 1074 (2d Cir. 2021) (per curiam) (internal quotation marks and citation omitted). We have the power to modify judgments and to affirm them as modified. *United States v. Adams*, 955 F.3d 238, 250 (2d Cir. 2020). As such, we modify the relevant portion of the judgment to reflect a dismissal without prejudice.

*     *     *

We have considered Kates's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court, except that to the extent the judgment dismissed Kates's claims for prospective relief, the judgment is **MODIFIED** to reflect a dismissal without prejudice in as much as Kates lacked standing to pursue such claims.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8